## BIRDG *v.* THE STATE.

CRIMINAL LAW.—*Forgery.*—*Indictment.*—An indictment for defacing and destroying a promissory note, in which it is alleged, as an excuse for not setting forth the *tenor* of the note, that it was destroyed by the defendant, must state its substance and effect.

SAME.—An indictment for defacing and destroying a promissory note must show whether the note was for the payment of money or property.

APPEAL from the Adams Circuit Court.

GREGORY, J.—Birdg was indicted in the court below for forgery.

The indictment contained four counts. The court, on motion, quashed the first, and overruled the motion of the appellant to quash each of the others.

The indictment is bad; and the court erred in overruling the motion to quash.

The charge is for defacing and destroying a promissory note.

The second and third counts do not allege who was either the maker or payee, nor is the sum for which the note was given stated. It is averred that it was of the value of nine dollars. In each of these counts, it is alleged, that the "grand jury cannot set forth in this indictment the *tenor* of said promissory note, because it was entirely destroyed by said unlawful act of James Birdg."

The fourth count states the names of the maker and payee, but fails to show the sum for which the note was given, nor does it show whether the note was for the payment of money or property.

In *Wallace* v. *The People*, 27 Ill. 45, it was averred, that the date and substance of the forged instrument was unknown to the jurors, and that it was lost, yet the court held the indictment bad, for not alleging the substance and effect of the instrument.

The rule as laid down by Wharton requires this. Am. Crim. Law, §§ 311, 608.

The language of the statute is, that "every person who shall falsely make, deface, destroy, alter, forge, or counterfeit * * * any * * * promissory note for the payment of money or property, * * * with intent to defraud any person, * * * shall be deemed guilty of forgery." 2 G. & H. 446, sec. 30.

The fourth count is bad for failing to show whether the note was for the payment of money or property.

Judgment reversed, and cause remanded, with directions to sustain the motion to quash.

*D. Studabaker*, for appellant.

*D. E. Williamson*, Attorney General, for the State.