Marshall *v.* The State.

Judgment affirmed.

Filed April 5, 1890.

—————◆—————

No. 15,366.

## MARSHALL *v.* THE STATE.

CRIMINAL LAW. — *Affidavit.*— *Offence.* — *How Charged.* —Where a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punishable alike, the whole may be charged conjunctively in a single count.

SAME.—*Assault and Battery.—Present Ability to Commit.*—It is sufficient to charge present ability to commit an assault and battery in the language of the statute.

SAME.—*Bill of Exceptions.—Time of Filing.—Extension of.*—Where the trial court grants to the defendant, in a criminal case, ninety days in which to file his bill of exceptions, and the bill of exceptions is filed sixty-seven days after the rendition of final judgment, it is not in the record, the court having no power to extend the time within which a bill of exceptions may be filed beyond the statutory period of sixty days.

Marshall v. The State.

SAME.—*Charge of Attempt to Provoke Assault.*—*Of What Defendant May be Convicted Under.*—Under a charge in the affidavit of an attempt to provoke an assault and battery, a defendant may be convicted of an attempt to provoke ·an assault, if the evidence warrants such conviction.

SAME.—*Instructions to Jury.*—Where a defendant desires more specific instructions than are given, it is his duty to ask for them.

From the Lagrange Circuit Court.

*J. S. Drake* and *S. D. Merritt,* for appellant.

*L. T.Michener,* Attorney General, *J. T. Sullivan,* Prosecuting Attorney,and *J. H. Gillett,* for the State.

COFFEY, J.—This was a prosecution by the State against the appellant, instituted before a justice of the peace, under the provisions of section 1983, R. S. 1881.

A trial of the cause before the justice resulted in a conviction, from which the appellant appealed to the circuit court, where he was again convicted.

The first question arising in the record before us relates to the sufficiency of the affidavit upon which the prosecution is based.

Omitting the caption, the affidavit is as follows: " Frank Mingus, being duly sworn, upon his oath, says that one Edward Marshall, on the 30th day of April, 1889, at the county of Lagrange and State of Indiana, did then and there, by words, signs and gestures, unlawfully provoke, and attempt to provoke, him, the said Frank Mingus, to commit an assault and battery upon the person of him, the said Edward Marshall, he, the said Frank Mingus having then and there the present ability so to do."

The first objection urged against the above affidavit is that it charges both that appellant did provoke, and that he attempted to provoke, the prosecuting witness to commit an assault and battery, either one of which is a separate offence against the statute.

It has been repeatedly held by this court that where a

statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punishable alike, the whole may be charged conjunctively in a single count. *Dormer* v. *State*, 2 Ind. 308 ; *Sowle* v. *State*, 11 Ind. 492 ; *Crawford* v. *State*, 33 Ind. 304 ; *Padgett* v. *State*, 68 Ind. 46 ; *State* v. *Stout*, 112 Ind. 245.

The next objection urged as to the sufficiency of the affidavit is that the present ability to commit the assault and battery is not sufficiently charged.

In the case of *State* v. *Trulock*, 46 Ind. 289, it was held sufficient to charge the present ability in the language of the statute. That is done in the affidavit before us. We are of the opinion that the affidavit is sufficient. See, also, *State* v. *Kinder*, 109 Ind. 226.

There are other questions in the case, argued in the able brief of counsel for the appellant, which relate principally to the instructions given by the court. Some of these questions necessarily involve the evidence in the cause, and the appellant is met at this point with the objection on behalf of the appellee that the evidence is not properly in the record.

Final judgment was rendered in the cause on the 17th day of September, 1889, and ninety days were given the appellant in which to file a bill of exceptions. The bill of exceptions, purporting to contain the evidence, was filed on the 25th day of November, 1889, sixty-seven days after the rendition of final judgment in the cause.

Section 1847, R. S. 1881, is as follows : "All bills of exceptions in a criminal prosecution must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered ; and they must be signed by the judge and filed by the clerk."

Under this statute it was held by this Court in the case of *Bartley* v. *State*, 111 Ind. 358, that a bill of exceptions filed later than sixty days after the rendition of judgment was

not in the record.   Following this case we must hold that the
evidence given on the trial of this cause is not before us.

Such instructions, therefore, as relate to the evidence, if
proper under any evidence that might have been introduced
on the trial, must be presumed to have been warranted by
the evidence before the court at the time they were given.
All the objections urged to the instructions are to instructions
of the character above indicated except one.

The court instructed the jury that if they were satisfied
from the evidence in the cause that the appellant, by the use
of the words proven on the trial, intended to provoke the
prosecuting witness to commit an *assault* on the appellant,
they should find him guilty.

It is objected that the charge in the affidavit is that the
attempt was to provoke an assault and battery, and that the
appellant, under that charge, could not have been convicted
of an attempt to provoke a simple assault.

We can not agree with the appellant in this contention.
every assault and battery necessarily includes an assault, and
a charge that the appellant attempted to provoke an assault
and battery necessarily includes a charge that he attempted
to provoke an assault.   Under such a charge we think the
appellant could have been convicted of an attempt to pro-
voke an assault if the evidence warranted such conviction.
*Dickinson* v. *State,* 70 Ind. 247; *Siebert* v. *State,* 95 Ind.
471; *State* v. *Fisher,* 103 Ind. 530; *Powers* v. *State,* 87
Ind. 144.

At the close of the evidence the appellant prayed the court
to require the State to elect upon which one of two transac-
tions, disclosed by the evidence, it would rely for a convic-
tion, which the court refused.

As the evidence is not before us we must presume in favor
of the ruling of the trial court.

It is finally contended by the appellant that the instruc-
tions given by the court were not sufficiently full and specific
to enable the jury to fully understand their duties in the case.

It would seem to be a sufficient answer to this objection to say that if the appellant desired more specific instructions than those given it was his duty to ask them. This was not done. *Adams* v. *State*, 65 Ind. 565; *McClary* v. *State*, 75 Ind. 260; *Garber* v. *State*, 94 Ind. 219; *Rauck* v. *State*, 110 Ind. 384.

There is no error in the record.

Judgment affirmed.

