No. 15,451.

## THE STATE *v.* CALLAHAN.

CRIMINAL LAW.—*Forgery.*—*Indictment.* — *Forged Instrument.*—*When Need not be Set Out in Hæc Verba.*—Where an instrument alleged to be forged is lost, destroyed, in the hands of the defendant, or its whereabouts are unknown to the grand jury returning the indictment, such instrument need not be set out *in hæc verba,* but it is sufficient to set out the sub-

stance and describe the instrument, and state the reason why the grand jury are unable to set it out *in hæc verba.*

SAME.—*Forged Instrument.—Reasons for not Setting out in Hæc Verba.— Statement of Disjunctively.*—The statement of two reasons laid in the disjunctive why the forged instrument is not set out *in hæc verba* does not render the indictment bad, such averments not relating to the statement of the charge, or the definition of the offence.

From the Jay Circuit Court.

*R. H. Hartford,* Prosecuting Attorney, for the State.

*O. H. Adair,* for appellee.

OLDS, J.—The appellee was indicted by the grand jury of Jay county for forgery. The indictment was in two counts. The first count was dismissed. The defendant moved to quash the second count, and the court sustained the motion, to which ruling the appellant excepted, and prosecutes this appeal, and assigns the ruling of the court in quashing the second count of the indictment as error.

Omitting the caption, the second count of the indictment is as follows:

" The grand jury aforesaid, on their oaths aforesaid, do further charge and present that the said John T. Callahan, on April 23d, 1887, at said county and State aforesaid, did then and there unlawfully, feloniously and falsely forge and counterfeit a certain promissory note for the payment of money, by then and there unlawfully, feloniously and falsely forging, counterfeiting and signing the name of John M. Henry to said false, forged and counterfeit note as one of the makers thereof, which said note was dated April 23d, 1887, due in one year after date, payable to the order of Reed & Mackenbach, calling for two hundred dollars, with eight per cent. interest from maturity, and purporting to have been executed by J. T. Callahan, Samuel Hanlin and John M. Henry; that said note has been destroyed, or is in the possession of some one to the grand jury unknown; that the grand jury are unable to set out the same according to its tenor; with intent to defraud William H. Reed and

Charles A. Mackenbach, of the firm of Reed & Mackenbach, contrary to the form of the statute, in such cases made and provided, and against the peace and dignity of the State of Indiana." Signed by the prosecuting attorney. The indictment was also duly endorsed "a true bill," and signed by the foreman of the grand jury.

We are not favored with a brief on behalf of the appellee. It is stated in the brief of counsel for the appellant that the second count of the indictment was quashed for the reasons as expressed by the court, that "it was not sufficient to set out in an indictment the substance only of the instrument alleged to have been forged, no matter what reason might be given by the grand jury therefor, and even if an indictment would be sufficient if a proper reason was stated for not setting out the instrument *in hæc verba* that this count is not sufficient, as it states two reasons which are laid in the disjunctive."

We think this count of the indictment sufficient. It is well settled that if the instrument alleged to be forged is lost, destroyed, in the hands of the defendant, or its whereabouts are unknown to the grand jury returning the indictment, such instrument need not be set out *in hæc verba* in the indictment, but it will be sufficient to set out the substance and describe the instrument, and state the reason why the grand jury are unable to set it out *in hæc verba. Birdg* v. *State,* 31 Ind. 88 ; *Armitage* v. *State,* 13 Ind. 441 ; *Munson* v. *State,* 79 Ind. 541 ; *Myers* v. *State,* 101 Ind. 379 ; *Hess* v. *State,* 73 Ind. 537 ; *State* v. *Potts,* 17 Am. Dec. 449 ; *Commonwealth* v. *Snell,* 3 Mass. 82 ; *People* v. *Kingsley,* 14 Am. Dec. 520 ; 2 Bishop Crim. Proc. (3d ed.), section 404 ; Whart. Crim. Pl. and Prac. (9th ed.), section 176 ; 1 Whart. Crim. Law (9th ed.), section 730.

The indictment in this case clearly sets forth in plain and concise language the offence with which the defendant is charged. It is set forth with such certainty that the court may pronounce judgment upon a conviction according to the

The State *v.* Callahan.

right of the case, and this is all that is required under our system of criminal pleading. Section 1755, R. S. 1881.

Nor is the indictment bad by reason of the fact that it states two reasons why the forged instrument is not set out *in hœc verba,* which are connected by a disjunctive conjunction.

Section 1756, R. S. 1881, provides that "No indictment or information shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment, or other proceedings be stayed, arrested, or in any manner affected, for any of the following defects:

"*Sixth.* For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged.

"*Tenth.* For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

These averments in the indictment do not relate to the statement of the charge or definition of the offence, but only a statement of an excuse or reason for not setting out a copy of the instrument. Contradictory and repugnant allegations even in an indictment or information do not constitute a ground to quash the same unless it contains matter which if true would constitute a bar to the prosecution. *Trout* v. *State,* 111 Ind. 499; *Conklin* v. *State, ex rel.,* 8 Ind. 458; *State, ex rel.,* v. *Bridegroom,* 10 Ind. 170; *Collins* v. *State, ex rel.,* 11 Ind. 312.

The court erred in sustaining the appellee's motion to quash the second count of the indictment.

Judgment reversed, with instructions to overrule the motion to quash the second count of the indictment.

Filed June 18, 1890.