THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* COLLAZO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in an action for disturbance of the public peace.

No. 660.—Decided March 27, 1914.

DISTURBANCE OF THE PEACE—SLANDER—DUPLICITY.—When, as in the case of section 368 of the Penal Code, a statute makes it a crime to commit any one of several acts mentioned disjunctively, all or any of them may be charged conjunctively and the information will not be considered as containing the defect of duplicity.

FINE—ALTERNATIVE IMPRISONMENT.—The accused cannot be sentenced to pay a fine or to suffer imprisonment for sixty days in default thereof, but the imprisonment should be at the rate of one day for each dollar of the fine not paid, such imprisonment not to exceed sixty days in this case.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.
*Mr. Manuel A. Martínez* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

Narciso Collazo took the present appeal from a judgment of the District Court of Guayama sentencing him to pay a fine of $100 or in default thereof to suffer sixty days' im-

prisonment, with costs. No statement of the case, bill of exceptions or brief was filed, nor has the appellant made any oral argument, and the only question arising from the transcript of the record is on the appellant's demurrer to the complaint, which was overruled by the lower court.

The complaint, which was signed and sworn to by a woman, charges that while she and some other women and children were walking along the streets of Guayama the appellant used offensive conduct towards her and her friends and addressed her personally in obscene language, saying to her that her husband was a scoundrel and a rascal (*sinvergüenza*) and that he had sold himself to the Republicans by turning over to them the papers in a suit.

The demurrer was based on the ground that the complaint charged two offenses—disturbance of the peace and slander.

The offense charged is manifestly that of a disturbance of the peace committed by offensive conduct towards the complainant in using insulting epithets concerning her husband and by using obscene language in the public thoroughfare in the presence of women and children. Although we find no words in the complaint constituting slander, yet if such words were used the crime of a disturbance of the peace would still exist, for they would constitute also offensive conduct towards the wife of the person slandered. When, as in the case of section 368 of the Penal Code, a statute makes it a crime to commit any one of several acts mentioned disjunctively, all or any of them may be charged conjunctively. *Marshall* v. *The State,* 123 Ind., 128.

The demurrer was properly overruled and we see no reason for reversing the judgment of conviction. Nevertheless, we must modify the sentence.

The appellant having been sentenced to pay a fine of $100, he cannot be made to suffer imprisonment for 60 days in default of its payment, but only one day for each dollar left unpaid, such alternative imprisonment not to exceed the 60 days to which he was sentenced by the trial court. *The Peo-*

ple v. Rivera, 16 P. R. R., 720; The People v. Muñoz, 16 P. R. R., 726; The People v. Curet, 16 P. R. R., 748.

With the said modification the judgment appealed from should be affirmed.

Modified and affirmed.

Chief Justice Hernández and Justices Wolf and del Toro concurred.