## SUNDERMAN *v.* STATE OF INDIANA.

[No. 24,856.   Filed May 21, 1926.]

1. INDICTMENT.—*Motion to require state to make affidavit charging, sale of obscene literature more specific by indicating, specific matter alleged to be obscene presents no question.*—A motion to require the state to make an affidavit or indictment more specific is not recognized in the criminal practice, from which it follows that in a prosecution for selling obscene literature, a motion to require the state to indicate the specific matter alleged to be obscene raises no question.   p. 706.

2. OBSCENE LITERATURE.—*Affidavit charging. sale of obscene literature in language of the statute and describing the obscene matter as a pamphlet with designated title and date, and alleging, that it was too lewd, lascivious and licentious to set out in the records of the court, is sufficient on motion to quash.*— An affidavit charging the crime of selling obscene literature in the language of the statute (§2569 Burns 1926, §2359 Burns 1914), and describing the obscene matter as a pamphlet with designated title and date, and alleging that it was too lewd, lascivious and licentious to set out in the records of the court, *held* sufficient as against a motion to quash.   p. 707.

3. CRIMINAL LAW.—*Supreme Court will not consider sufficiency, of evidence to sustain the verdict where bill of exceptions has no statement that bill contains all the evidence.*—On appeal from a conviction, where the bill of exceptions contains no statement that the bill contains all the evidence given in the case, the Supreme Court will not consider the sufficiency, of the evidence to sustain the verdict.   p. 709.

From Huntington Circuit Court; *Sumner Kenner,* Judge.

William Sunderman was convicted of selling obscene literature, and he appeals.   *Affirmed.*

*Charles R. Haller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This is a prosecution by affidavit charging the appellant with the crime of selling obscene literature.   The affidavit was drawn to charge a violation of §2569 Burns 1926.   The affidavit charged that

the appellant on April 4, 1924, at Huntington county, in the State of Indiana, did unlawfully sell to one Sophronia Wannas an obscene, lewd, lascivious and licentious publication in the form of a pamphlet, to wit, a pamphlet bearing the name and title of, "Hot Dog, The Regular Fellows Monthly, price two bits," being then and there of the issue of the month of April 1924, Vol. 3, which printed matter of said pamphlet being then and there too lewd, lascivious and licentious to set out herein and to incumber the records of the court therewith.

The appellant moved to quash the affidavit for the following reasons: (1) The facts stated in the affidavit do not constitute a public offense; (2) the facts stated in the affidavit do not state the offense with sufficient certainty. Appellant also filed a motion to require the state to indicate the matter in the publication which it was claimed was obscene, lascivious and licentious. These motions were overruled and the appellant was tried upon a plea of not guilty. The trial was by a jury, which returned a verdict finding appellant guilty as charged in the affidavit and fixing his punishment, that he be fined in the sum of ten dollars and the costs of the prosecution.

A motion for a new trial was made and overruled and judgment was rendered on the verdict. From this judgment, appellant appeals and assigns as error that the court erred in overruling appellant's motion to quash the affidavit and that the court erred in overruling appellant's motion for a new trial.

1. The motion of the appellant to require the state to indicate the matter alleged to be obscene raises no question. *Hinshaw* v. *State* (1919), 188 Ind. 447; *Sherrick* v. *State* (1906), 167 Ind. 345.

This affidavit is filed under the provisions of §2569, *supra.* The affidavit is in the words of the statute and

the obscene matter was sufficiently described as
2.　an obscene, lewd, lascivious and licentious publi-
cation in the form of a pamphlet, to wit, a pam-
phlet bearing the name and title of "Hot Dog, The
Regular Fellows Monthly, price two bits," being then
and there of the issue of the month of April 1924, Vol.
3, the printed matter of said pamphlet being then and
there too lewd, lascivious and licentious to set out here-
in and to incumber the records of the court therewith.
It has been held that in framing an indictment under
statutes substantially the same as this one, it was suf-
ficient to use the language of the statute, describing
the offense and alleging in the affidavit that the obscene
matter is too gross and obscene to be spread upon the
records of the court. *People* v. *Seltzer* (1924), 203 N.
Y. Supp. 809, 122 N. Y. Misc. 329.

In *People* v. *Girardin* (1848), 1 Mich. 90, it was held,
that in an indictment for publishing a bawdy and ob-
scene paper, it is not necessary to set forth the obscene
matter on which the people rely for a conviction.

In *Commonwealth* v. *Holmes* (1821), 17 Mass. 336, it
is held that in an indictment for publishing an obscene
book or print, it is sufficient to give a general descrip-
tion thereof, and to aver evil tendency, without copy-
ing the book, or minutely describing the print.

In *Commonwealth* v. *Allison* (1917), 227 Mass. 57,
116 N. E. 265, it is held that an indictment for distrib-
uting obscene pamphlets properly described the pam-
phlets by their titles accompanied by an allegation that
they were too indecent to be spread upon the records,
where the pamphlets were brief and their general char-
acter might be thought to be not inaptly indicated by
their titles.

In *People* v. *Kaufman* (1897), 14 App. Div. (N. Y.)
305, 43 N. Y. Supp. 1046, it is held that the indictment
need not set out the obscene matter and if it does not,

it must state the matter is so gross as to be offensive to the court.

In *McNair* v. *People* (1878), 89 Ill. 441, it is held that if the matter is too gross and obscene to be spread on the records of the court it should be averred as an excuse for failing to set out the obscene matter.

The affidavit is sufficient to withstand the motion to quash.

It is specified in the motion for a new trial that the verdict of the jury is contrary to law and the verdict of the jury is not sustained by sufficient evidence.

The appellee contends that no question is presented on the action of the court in overruling the motion for a new trial because the bill of exceptions does not contain all the evidence given in the case. The appellant does not deny this assertion of the appellee. The appellant does not file any reply brief and an examination of the record shows that the appellee is correct in his claim that the record does not show that the bill of exceptions contains all the evidence given in the case. Ewbank's Manual (2d ed.) §30a, says, if the exceptions relate to the evidence, it is necessary in almost every case that the judge's certificate should state that the bill contains all the evidence given in the case.

In *McMurran* v. *Hannum* (1916), 185 Ind. 326, 113 N. E. 238, it is held that the Supreme Court will not consider an assignment of error which requires a decision as to the sufficiency of the evidence to sustain the verdict unless all the evidence is contained in the record.

In *Kleyla, ex rel.,* v. *State* (1887), 112 Ind. 146, 13 N. E. 255, and *Brickley* v. *Weghorn* (1880), 71 Ind. 497, it is held that *testimony* is not synonymous with *evidence* and a certificate that the bill of exceptions contains all the testimony in the case is not equivalent to saying it contains all the evidence in the case. See, also, §2332 Burns 1926,

We cannot consider the sufficiency of the evidence to sustain the verdict because there is no affirmative showing that the bill of exceptions contains all the

3. evidence given in the case. *Great Council, etc., Red Men* v. *Green* (1913), 52 Ind. App. 198, 100 N. E. 472.

No error being shown in the record, the judgment is affirmed.