HITCH *v.* STATE OF INDIANA.
[No. 26,680. Filed October 21, 1936.]

*Holmes & Holmes* and *Johnson & Zechiel,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *James D. Sturgis,* Deputy Attorney-General, for the State.

FANSLER, J.—Appellant was convicted of the embezzlement of public funds. Three assigned errors are presented for decision.

Appellant filed a verified motion challenging the array of jurors upon two grounds: (1) That the selection of names was not made "as nearly as might be in equal numbers from each county commissioner's district," as provided by section 4-3304, Burns' Ann. St. 1933, section 1267, Baldwin's Ind. St. 1934; and (2) that the key to the jury box was not kept in the possession of the jury commissioner of opposite

politics from the clerk, as provided in section 4-3305, Burns' Ann. St. 1933, section 1272, Baldwin's Ind. St. 1934. The verified motion does not allege facts describing the commissioners' districts, nor does it allege facts showing from what locality the prospective jurors were drawn. The burden was upon appellant to establish the allegations of his petition. Witnesses were called. A county commissioner testified that there were nine townships in the county; that the first commissioner's district was comprised of Warren, Lawrence, and Franklin townships; that the third district was comprised of Decatur, Wayne, and Pike townships. He testified that Perry and Center townships were in district two, when he was interrupted, and afterwards, in answer to the question of whether Washington township was in that district, he said Washington township was in district two. A deputy clerk, after some confusion and cross-examination, testified that there were four townships in district one, one in district two, and four in district three. There is thus a conflict in the evidence. The record of the board of commissioners establishing the boundaries of the district is, of course, the best evidence upon the subject, but it was not offered in evidence. This court does not take judicial knowledge of such records. One of the jury commissioners testified that the names were taken in substantially equal numbers from each of the townships in the county. On this evidence, the court overruled the challenge to the array. If there were three townships in each commissioner's district, and the names were taken in substantially equal numbers from each township, there would be a substantial compliance with the statute. Since there is some evidence to this effect, we cannot disturb the decision of the trial court that the jury was properly drawn.

A deputy clerk testified that the jury box was kept in the possession of the clerk; that there were three keys, one in the possession of each of the jury commissioners and one in the possession of the clerk; that the three keys were necessary in order to unlock the box. This is a substantial compliance with the statute, which requires that the key which unlocks the box shall be in possession of the jury commissioner of opposite politics from the clerk, since there was a key in the possession of that jury commissioner, without which the box could not be unlocked.

Error is predicated upon the overruling of appellant's motion to quash the affidavit. The first count, under which appellant was convicted, follows the language of the statute. It charges that, as deputy sheriff, appellant was intrusted with the collection, receipt, safekeeping, transfer, and disbursement of $8,000 belonging to the county, and that he embezzled and appropriated the same to his own use. Appellant contends that the crime should have been charged with more particularity, since many different items of money were handled by him during the eighteen months that he was deputy sheriff, and that the affidavit describes no amounts of money in particular, or with whom transactions were had. No authorities are cited to sustain appellant's contention that the affidavit is not sufficient. The charge is that the embezzlement occurred on or about the 31st day of December, 1934. An affidavit or indictment which follows the terms of the statute is generally held sufficient, and, in the absence of authority to the contrary, we must hold that the motion to quash was properly overruled.

No other questions are presented.

Judgment affirmed.