ALLISON v. STATE OF INDIANA.

[No. 29,714. Filed April 18, 1960. Rehearing denied May 23, 1960.]

558

*Frank A. Symmes, Charles W. Symmes* and *Richard Cardwell,* all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

ARTERBURN, C. J.—The appellant was convicted upon a trial by jury on two counts charging the misdemeanor of disorderly person while using the telephone under Acts 1957, ch. 61, §1, p. 114, being §10-1511, Burns' 1956 Replacement. The indictment in two counts was as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that — — — — — — WILLIAM JOHN ALLISON alias WILLIAM THOMAS ALLISON — —

on or about the 16th day of May, A.D. 1957 at and in the County of Marion and in the State of Indiana, did then and there unlawfully telephone another person, to-wit: BERNARD W. WYNN, and addressed to the said BERNARD W. WYNN lewd, lascivious and indecent words or language, the exact description of which words and language are too lewd, lascivious and indecent to be set out herein or to encumber the records of this Court, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

/s/ John G. Tinder

Prosecuting Attorney
Nineteenth Judicial Circuit

"Count Two:

"The Grand Jurors aforesaid, upon their oaths aforesaid, do further say and charge that WILLIAM JOHN ALLISON alias WILLIAM THOMAS

ALLISON on or about the 16th day of May, A.D. 1957, at and in the County of Marion and in the State of Indiana, did then and there unlawfully telephone another person, to-wit: BERNARD W. WYNN, repeatedly for the purpose of annoying, molesting and harassing the said BERNARD W. WYNN or his family, then and there being  .  .  . .  .  .  .  .  .  .  . contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana.

/s/ John G. Tinder

Prosecuting Attorney
Nineteenth Judicial Circuit"

A motion to quash was directed to both counts. It is urged upon us that the first count of the indictment is bad for the reason that it does not set out verbatim the lewd and indecent words and language used over the telephone and that the language of the statute is not sufficiently specific. The general rule is that a charge is sufficiently specific if it follows the wording of the statute. The appellant contends that this is one of the exceptions thereto where the statute does set out the specific acts. With this contention we cannot agree. The offense charged here is of such lewd and indecent character that the rules of the pleading with reference thereto are analogous to that in sodomy and such like crimes.

It is generally held in Indiana and other jurisdictions that a detailed description in words of acts of such lewdness and indecency is too revolting to require that the pleadings before a court be so defiled. This Court has said:

"But by reason of the vile and degrading nature of this crime it has always been an exception to the strict rules requiring great particularity and nice certainty in criminal pleading, both at common law and where crimes are wholly

statutory. It has never been the usual practice to describe the particular manner or the details of the commission of the act and where the offense is statutory a statement of it in the language of the statute, or so plainly that its nature may be easily understood, is all that is required." *Glover* v. *State* (1913), 179 Ind. 459, 461, 462, 101 N. E. 629, 45 L. R. A., N. S. 473.

Following the above quotation is a long list of citations from other jurisdictions, going back to the time of Lord Coke in the support of such a principle.

In *Connell* v. *State* (1939), 215 Ind. 318, 19 N. E. 2d 267, the principle was again reiterated in this State.

In *Sunderman* v. *State* (1926), 197 Ind. 705, 151 N. E. 829, where a defendant was convicted of selling obscene literature, the affidavit followed the words of the statute and the obscene matter was sufficiently described as "obscene, lewd, lascivious and licentious." The court there said it was sufficient to use the language of the statute and then allege "that the obscene matter is too gross and obscene to be spread upon the records of the court."

In the case before us the indictment also says "the exact description of which words and language are too lewd, lascivious and indecent to be set out herein or to encumber the records of this Court."

There is no showing the appellant was in any way misled as to the offense charged.

The motion to quash count one of the indictment was properly overruled.

The motion to quash the second count of the indictment centers primarily about the use of the word "repeatedly" as being too indefinite and the use of the word "or" instead of the word "and" in the portion of the charge which states "that the appellant unlawfully telephoned another person, to-wit: BER-

NARD W. WYNN *repeatedly* for the purpose of annoying, molesting and harassing the said BERNARD W. WYNN *or* his family." (Our italics.) We are not impressed with the argument that the word "repeatedly" is uncertain. Burns' §9-1125 required that "the words used in an indictment or affidavit must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

Burns' §9-1126 states that an indictment shall be sufficient if the offense is clearly set forth "in plain and concise language without unnecessary repetition."

Burns' §9-1127 states that no indictment shall be quashed "For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Nothing is pointed out in this case whereby the defendant was prejudiced in any fashion by following the words of the statute in the indictment, namely, "repeatedly" or the disjunctive "or."

Normally, acts constituting more than one offense are connected in a statute by the disjunctive "or"; all of such offenses may be charged in the same count by using the conjunctive "and." The proof of any one of the alleged acts is sufficient to sustain a conviction. *Marshall* v. *The State* (1890), 123 Ind. 128, 23 N. E. 1141; *McGregor* v. *The State* (1860), 16 Ind. 9.

In this case two separate offenses are charged and are joined by the disjunctive "or" namely, using lewd and indecent language over the telephone or annoying a person or his family by repeated telephone calls. These two offenses have been stated in separate counts. However, the disjunctive "or" in question here occurs in

the second and latter portion of the statute which constitutes a separate offense. (Count 2.)

The indictment in this case charges specifically that the appellant telephoned another person, "to-wit: BERNARD W. WYNN" and thereafter states in the words of the statute, "for the purpose of annoying, molesting and harassing, the said BERNARD W. WYNN or his family." The act of telephoning Bernard W. Wynn alone for the purpose alleged, defines and limits specifically the acts.

In *The State* v. *Callahan* (1890), 124 Ind. 364, 24 N. E. 732, a similar attack was made upon an indictment which charged forgery and which alleged that the note was either destroyed "or" in the possession of another person unknown to the grand jurors. This Court held the indictment sufficiently definite and certain. *McGregor* v. *The State* (1860), 16 Ind. 9.

In *Robinson* v. *State* (1953), 232 Ind. 396, 398, 112 N. E. 2d 861 we said:

> "The names of third persons who are only incidentally or collaterally connected with the offense charged against an accused need not be stated in an affidavit or indictment."

If such be the law, then to say the telephone calls were made to Bernard W. Wynn for the purpose of annoying him "or his family" is sufficiently definite.

If one telephones another person who is specifically described by name, as in this case, for any one of the purposes set out in the latter portion of the statute in question, proof of any one of those purposes is sufficient to constitute the crime. Supertechnicalities should not be indulged in where the rights of the defendant are not prejudiced thereby and he is

in no way misled. Under the statutes of this State we are compelled to ignore such technical objections "which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The trial court did not err in overruling the motion to quash to the second count.

In a number of instances which can be grouped together appellant contends that the court erred in permitting certain witnesses to testify as to telephone conversations over the objection that they did not sufficiently identify the appellant. We have read this testimony and we find the witnesses stated that they recognized the appellant from his voice, with which they were familiar, and also from the fact that he stated his name. In addition, some of the witnesses stated that they either knew him prior to such telephone conversations or subsequently met him and identified the voice. The testimony of witnesses as to the identity of the appellant goes to the weight rather than to its relevancy.

The appellant further contends that the court erred in permitting some of the witnesses to testify as to telephone conversations which the appellant made to them during the year prior to the effective date of the act creating the offense (April 1, 1957). Insofar as such testimony was admitted for the purpose of identifying the voice and the appellant, it was entirely competent. The appellant, however, contends that some of such testimony was not for the purpose of identification. The State, nevertheless, contends that such testimony was competent and relevant for the purpose of showing the intent and the pattern of appellant's conduct, even though at the time such conduct was not criminal in nature.

In *Booher* v. *State* (1926), 198 Ind. 315, 153 N. E.

497, this Court held contrary to the contention of the appellant. In that case this Court stated that in a prosecution for the violation of the liquor laws of this State, prior and similar acts are competent to show an intent and the pattern of the appellant's operations, even though at the time such acts and transactions did not constitute a violation of the law. Authorities are set forth in that case amply supporting the principle stated therein.

It occurs to us that where acts of the nature involved in this case, namely, the use of lewd and indecent language over the telephone are made a crime, prior conduct of that nature which is inherently immoral and improper, even though at the time not a crime, is relevant to show a course of conduct with which the appellant is charged.

The judgment of the trial court is affirmed.

Landis and Achor, JJ., concur.

Jackson, J., dissents with opinion.

Bobbitt, J., not participating.

## DISSENTING OPINION

JACKSON, J.—I dissent from the majority opinion for the following reasons:

The statute upon which such prosecution was based, Acts 1957, ch. 61, §1, p. 114, being §10-1511, Burns' 1959 Cum. Supp., reads as follows:

"Annoying, molesting or harassing another or indecent language by telephone calls.—Whoever telephones another person and addresses to or about such other person any lewd, lascivious or indecent words or language; or whoever telephones another person repeatedly for the purpose of annoying, molesting or harassing such other person, or his or her family, shall be deemed guilty of the misde-

meanor of being a disorderly person, and, upon conviction, shall be fined in any sum not exceeding five hundred dollars [$500.00], to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, that any offenses committed by the use of a telephone as herein set out may be deemed to have been committed at either the place at which the telephone call or calls were made, or at the place where the telephone call or calls were received."

The indictment on which appellant was tried is set out in the majority opinion.

The sufficiency of the indictment and each count thereof was tested by motion to quash, such motion being overruled as to both counts.

Trial was had by jury resulting in a verdict of guilty on both counts, finding and judgment on each count being that appellant be fined in the sum of Five Hundred Dollars ($500) and be imprisoned in the County Jail for a period of six months.

Appellant's assignment of errors consists of five specifications, as follows:

"1. The trial court erred in overruling appellant's Motion to Quash each count of the Indictment.

"2. The trial court erred in overruling appellant's Motion to Quash Count 1 of the Indictment.

"3. The trial court erred in overruling appellant's Motion to Quash Count 2 of the Indictment.

"4. The trial court erred in overruling appellant's Motion for a New Trial.

"5. The trial court erred in overruling appellant's Motion for John L. Niblack to disqualify himself."

Assigned errors one, two and three will be and are considered together. Such motions are based upon the two following statutory grounds:

"1. The facts stated in said indictment do not constitute a public offense.

"2. Said indictment does not state the offense charged with sufficient certainty."

Generally it is sufficient to charge an offense in the substantial language of the statute or the equivalent thereto. *Goldstine* v. *State* (1952), 230 Ind. 343, 350, 103 N. E. 2d 438; *Hitch* v. *State* (1936), 210 Ind. 588, 591, 4 N. E. 2d 184. Such a charge will withstand a motion to quash where the statute defines the offense and enumerates the acts or omissions which constitute a crime. However, this general rule does not apply where the statute defines the crime in general terms or includes generic classifications. In such an instance the charge must be framed with particularity. *Robinson* v. *State* (1953), 232 Ind. 396, 398, 112 N. E. 2d 861; *McNamara* v. *State* (1932), 203 Ind. 596, 603, 181 N. E. 512; *State* v. *Bridgewater* (1908), 171 Ind. 1, 4, 85 N. E. 715.

Charging a crime such as is involved herein presents certain peculiar problems due to the nature and substance of the offense. It has been held that in framing an indictment charging the publication or dissemination of obscene, lewd, or lascivious material it is sufficient to set out a general allegation of obscenity in the language of the statute with the explanation that the text of the objectionable matter is so gross as to be offensive to the court. *Sunderman* v. *State* (1926), 197 Ind. 705, 707, 151 N. E. 829, and cases cited therein. These cases hold that a conclusion of obscenity charged in the generic language of the statute is sufficient to withstand a motion to quash. Underlying this particular isolated problem of charging the crime involving lewd or obscene matter there exists that basic conflict which is inherent in the whole of our law, that is public interest versus

individual right. Here we have a social interest in withholding such filth and obscenity from the face of the record in the interest of public decency and judicial dignity. Opposing this interest is the right of the individual defendant to be specifically and precisely charged so that he may be fully apprised of the charges against him and make ready his defenses accordingly.

In the Sunderman case, *supra,* this basic conflict of social interest versus individual right was easily reconciled. There the charge involved *printed matter.* The indictment was sufficient in its general reference to said printed matter and the allegedly obscene publication could be preserved for subsequent presentation upon the trial of the accused. Thus the public interest in excluding the text of the obscene matter from the face of the record could be served without jeopardizing the right of the defendant to be charged with particularity. *Robinson* v. *State, supra,* (1953), 232 Ind. 396, 398, 112 N. E. 2d 861.

In the instant case the corpus delicti of the crime consists of nothing more tangible than spoken words rather than printed or written matter. The evanescent and transitory nature of such oral utterances requires that the words themselves be set out on the face of the indictment so that the accused may be cognizant of the precise substance of the charge against him. Spoken words do not accommodate incorporation by reference as does printed matter. For this reason the indictment "must be so clear and distinct that there may be no difficulty in determining what evidence is admissible thereunder." *State* v. *Bridgewater, supra* (1908), 171 Ind. 1, 4, 85 N. E. 715.

We may reason by analogy from the *Goldstine* case, *supra,* wherein the defendant was charged with the offense of possessing "burglar tools." The opinion by

Jasper, J., states that "The words 'burglar tools or implements,' as used therein, are of such a general character that they are not sufficiently certain in themselves to apprise the accused of the charge when a motion to quash is filed." It is therefore concluded that ". . . a substantial description of the tools is necessary to advise appellant of the crime with which he is charged." This reasoning applies with equal force to the case at hand. The generic classification of "lewd, lascivious or indecent words or language" and the definition of what conduct constitutes the offense of telephoning "another person repeatedly for the purpose of annoying, molesting or harassing such other person" is no more specific and certain than the term "burglar tools or implements."

In the instant case a generic charge in the terms of the statute cannot serve to afford the accused the full measure of his rights. In such a case the public interest in withholding such obscenities from the record is necessarily subservient to the individual right of the accused to be apprised of the specific charge lodged against him.

Count one does not apprise the defendant of what he is alleged to have said, and it does not inform him of the nature of the accusation in such a manner as to enable him to prepare a defense, nor does it afford him protection against double jeopardy because it does not point out the specific facts upon which the state is basing its case. *Goldstine* v. *State, supra* (1952), 230 Ind. 343, 350, 103 N. E. 2d 438.

Count two of the indictment recites that the defendant telephone ". . . another person, to-wit: BERNARD W. WYNN, repeatedly for the purpose of annoying, molesting and harassing the said BERNARD W. WYNN, or his family. . . ."

The statute directed to this part recites ". . . or

whoever telephones another person repeatedly for the purpose of annoying, molesting or harassing such other person, or his or her family shall be deemed guilty of a misdemeanor. . . ."

The motion to quash count two is also based upon the statutory grounds as set forth above, being the failure of the indictment to state a public offense, and, secondly, that the offense is not stated with sufficient certainty.

Criminal statutes must contain an ascertainable standard of guilt. Men of common intelligence cannot be required to guess at the meaning of the enactment. *Guetling* v. *State* (1927), 198 Ind. 718, 726, 153 N. E. 765. Behind this rule is the requirement of fair notice of what conduct may entail punishment.

> "To be enforceable a criminal statute must clearly and definitely define the crime so that an ordinary person may know with certainty when he is violating it. . . ." *Caudill* v. *State* (1946), 224 Ind. 531, 534, 69 N. E. 2d 549.

In creating and defining a public offense, unknown at common law, the statute must be sufficiently certain to show what the Legislature intended to prohibit and punish or it will be struck down as being void for vagueness. *Smith* v. *State* (1917), 186 Ind. 252, 256, 115 N. E. 943.

It is to be conceded that the statute here in question meets this minimum test of certainty and adequately conveys the Legislative intent to "a person of ordinary intelligence." The fact that the instant statute defines the offense in generic terms does not necessarily render it invalid. However, a charge drawn under this act must necessarily supply the particulars of the crime charged. A statute which defines a crime in general language may be sufficient, but an indictment framed

thereunder must charge the offense with particularity. In framing a charge under such an act as is here involved, the general statutory language must be supplemented by an indictment or affidavit which either states facts sufficient to apprise the accused of the specific words or language used and the approximate time when the alleged telephone call was made, or if the charge is for repeatedly telephoning another person for the purpose of annoyance, harassment or molestation, the facts showing when such calls were made should be set out in the indictment or affidavit so that an accused cannot be indicted for one series of telephone calls and convicted on another.

A charge in the words of the statute, Acts 1957, ch. 61, §1, p. 114, being §10-1511, Burns' 1959 Cum. Supp., *supra,* is not alone sufficient to meet these requirements.

I am also in utter disagreement with the statement in the majority opinion that ". . . prior and similar acts are competent to show an intent and the pattern of the appellant's operations, even though at the time such acts and transactions did not constitute a violation of the law. . . . It occurs to us that where acts of the nature involved in this case, namely, the use of lewd and indecent language over the telephone are made a crime, prior conduct of that nature which is inherently immoral and improper, even though at the time not a crime, is relevant to show a course of conduct with which the appellant is charged."

The defendant is not charged with "a course of conduct," he is charged with the commission of a crime. A statute of 1852, not repealed, declared that all "Crimes and misdemeanors shall be defined and punishment therefor fixed by statutes of this state and not otherwise." 1 R. S. 1852, ch. 61, §2, p. 351, being §9-2401 Burns' 1956 Replacement. The language of the major-

ity opinion implies that a criminal intent may be inferred from the commission of an act not in itself a crime. Such, I submit, is not the law in Indiana, nor should it be. The case relied upon in the majority opinion, *Booher* v. *State* (1926), 198 Ind. 315, 153 N. E. 497, was a prosecution for a conspiracy to transport liquor in an automobile, it is not in point, nor applicable here, for the reason that it dealt with a conspiracy and a different rule of law would apply.

The judgment of the trial court should be reversed with instructions to sustain appellant's motion to quash the indictment and each count thereof.

NOTE.—Reported in 166 N. E. 2d 171.