Richard E. ZOLLATZ, Appellant,

v.

STATE of Indiana, Appellee.

No. 979S260.

Supreme Court of Indiana.

Dec. 4, 1980.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Richard E. Zollatz, was convicted by a jury in Allen Circuit Court in March, 1979, of rape, Ind.Code § 35–42–4–1(a), and criminal deviate conduct, Ind.Code § 35–42–4–2(a), both class A felonies. He was sentenced to thirty years in prison on each count, the terms to run concurrently.

In this direct appeal, Zollatz challenges the sufficiency of the evidence on the element of identification and on the element of the use of a weapon or the threat of deadly force.

On review of sufficiency claims, the Court will not weigh the evidence nor will it resolve questions of credibility, but it will examine the evidence and reasonable inferences therefrom which support the verdict. The jury's verdict will not be disturbed as long as there is evidence of probative value from which a reasonable trier of fact could conclude beyond a reasonable doubt that the defendant was guilty. *Hicks v. State,* (1980) Ind., 401 N.E.2d 702.

Viewed in this light, the evidence in this case shows that in the early morning of August 23, 1978, D.K., a twelve year old child, was awakened in her bedroom by Zollatz. He placed two pillows over her eyes, talked to her for a few minutes, and then, upon a threat to pull a knife on her, forced her to commit fellatio, and to submit to sexual intercourse, and other sexual acts.

## I.

Appellant claims first that since D.K. identified him by voice alone, because she was unable to see anything, the identification was insufficient as a matter of law. He argues that voice identification must be accompanied by "independent corroborating evidence" in order to support the element of identification, citing *Barnes v. State,* (1971) 255 Ind. 674, 266 N.E.2d 617, a case in which voice identification was accompanied by evidence of a footprint matching that of the defendant's shoe. *Barnes,* however, clearly treated the voice identification as independently sufficient, citing, *inter alia, Allison v. State,* (1960) 240 Ind. 556, 166 N.E.2d 171, a case in which a defendant was charged with the misdemeanor of making a nuisance telephone call. In *Allison,* voice recognition was the only possible way to identify the wrongdoer. We said there that the trial court properly permitted certain witnesses to testify about the content of telephone conversations over the objection that they did not sufficiently identify the defendant. After reviewing these witnesses' testimony we found that they stated that they recognized the appellant from his voice, with which they were familiar, and that it was for the jury to determine what weight should be given to such evidence.

█ In this case, D.K. testified that she had known appellant as a family friend for several years; that for a one–year period about three years before the incident appellant had rented a basement room in the house in which she lived with her family and that she saw him everyday and occasionally played with him; that after living out–of–state she and her family moved back to Fort Wayne and lived in a house on property also occupied by a trailer in which Zollatz lived along with D.K.'s grandmother and another person; that later she and her family moved into this trailer when Zollatz, the grandmother and the third person moved out; and that she had seen him and talked to him as recently as two months before the incident. From this testimony, the jury could infer that D.K. was familiar with appellant's voice, and from her testimony that she had heard the rapist talk and that the voice was that of Zollatz, the jury had before it sufficient evidence based on voice recognition alone from which it could have found beyond a reasonable doubt that Zollatz was the attacker.

█ Appellant also argues that D.K.'s initial statements to the police regarding her recognition of appellant's voice were

substantially less positive than her trial testimony. Such a discrepancy, if any, affects the credibility of the witness, not the sufficiency of the evidence.

 Even if voice identification alone were not sufficient to establish identification, there was independent evidence on the element of identification on which the jury could base its conclusion. D.K. testified that the rapist "smelled like he had whiskey on his breath", and there was evidence that Zollatz had been drinking the previous evening. She also testified that the attacker "had whiskers on his face", and Zollatz had a moustache at the time of the incident. Finally, D.K. testified that she could feel a silky shirt pressing against her chest during the attack, and Zollatz was wearing a silky shirt when he was arrested later in the morning of the rape. There was also testimony that Zollatz hid from the police when they came to arrest him. D.K.'s grandmother testified that one or two weeks after the incident, when appellant had returned to the house where he lived with her, after having been released on bond, she asked him whether he had raped her granddaughter and he replied that "he could have done it but he didn't think he did it."

There was sufficient evidence for the jury to conclude that Zollatz was the attacker beyond a reasonable doubt.

## II.

Appellant's second claim is that since there was no evidence of the use of a deadly weapon, and no threat of deadly force such as: "I'll kill you if you don't do what I say," there was insufficient evidence upon which to convict him of the class A felonies. The statutes provide in pertinent part:

Ind.Code § 35–42–4–1, rape:

"(a) A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:

(1) the other person is compelled by force or imminent threat of force ... commits rape, a Class B felony. However, the offense is a Class A felony if it

is committed by using or threatening the use of deadly force or while armed with a deadly weapon."

Ind.Code § 35–42–4–2, unlawful deviate conduct:

"(a) A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when:

(1) the other person is compelled by force or imminent threat of force ... commits criminal deviate conduct, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force or while armed with a deadly weapon."

D.K. testified that appellant "told me to suck on his penis or he would pull a knife on me." From this testimony the jury could have found that Zollatz had threatened the use of deadly force to compel D.K. to commit that act and all subsequent acts in the course of the attack. A weapon need not be displayed in order to establish the threat of deadly force. See *Stowers v. State*, (1977) 266 Ind. 403, 363 N.E.2d 978.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.