Steven W. SLATER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1281S355.

Supreme Court of Indiana.

Oct. 18, 1982.

K. Richard Payne, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Rape while threatening the use of deadly force. He was sentenced to a thirty (30) year term of imprisonment.

The victim, K.R., joined a group of fellow employees at the Beer Tent in Fort Wayne on June 3, 1980. Appellant approached and engaged the victim in conversation. He asked her to help him carry drinks downstairs from a private bar in an upstairs office. While in the office, appellant poured drinks for himself and the victim. When she began to leave to join her friends, appellant tackled her from behind. He hit her, threw her over a coffee table and into a wall. As the victim struggled, he continually threatened her with his fist. He also threatened to get a gun from the adjacent room. He then forced her to have sexual intercourse, anal intercourse and to commit fellatio. K.R. sustained bruises and swelling to her face. A large bruise on her buttocks was also sustained during the attack. After the sexual episode, both returned to the bar downstairs. The victim immediately reported the rape.

Appellant makes three allegations of error. All three are based on whether the evidence is sufficient to support the Class A felony classification of rape. I.C. § 35–42–4–1(a)(3) reads in pertinent part:

"[T]he offense is a class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon."

This Court will not weigh the evidence nor judge the credibility of witnesses. *Zollatz v. State,* (1980) Ind., 412 N.E.2d 1200.

Appellant claims the trial court erred in denying his motion for a directed verdict at the close of the State's case in chief. He contends the evidence was insufficient to establish a prima facie case of the offense charged. We hold the evidence, above recited, to be adequate to sustain the verdict of the jury. Moreover, appellant waived this allegation of error by proceeding to present evidence in defense of the charge. *Ingram v. State,* (1981) Ind., 426 N.E.2d 18.

Appellant claims the evidence is insufficient to support the conviction. He argues the State failed to show he used or threatened the use of deadly force or while armed with a deadly weapon. We addressed a similar contention in *Zollatz, supra.* Appellant in that case claimed the evidence was insufficient to support his Class A felony conviction because there was no evidence of a deadly weapon or threat of deadly force. The sole evidence supporting the charge was the victim's testimony that appellant threatened to "pull a knife" on her if she did not cooperate. This Court stated at p. 1202:

"From this testimony the jury could have found that Zollatz had threatened the use of deadly force to compel D.K. to commit that act and all subsequent acts in the course of the attack. A weapon need not be displayed in order to establish the threat of deadly force. See *Stowers v. State,* (1977) 266 Ind. 403, 363 N.E.2d 978."

We hold the evidence in the case at bar supports the verdict of the jury in this regard.

Appellant claims the trial court erred in instructing the jury that they may return a verdict of Rape as a Class A felony. He argues the evidence was insufficient to warrant the instruction. As we have above noted, we hold the evidence was sufficient to support the trial court in the giving of such an instruction.

The trial court is in all things affirmed.

All Justices concur.