**Johnny Lee WHITE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 582S201.**

Supreme Court of Indiana.

Nov. 1, 1983.

Donald W. Pagos, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Johnny Lee White was convicted of Criminal Deviate Conduct, Ind.Code § 35–42–4–2 (Burns Repl.1979), and Criminal Confinement, Ind.Code § 35–42–3–3 (Burns Supp.1983), at the conclusion of a jury trial in LaPorte Superior Court on October 15, 1981. The defendant was given twenty (20) years for criminal deviate conduct and two (2) years for criminal confinement, both sentences to be served concurrently. He now appeals.

Defendant White raises two issues on appeal, concerning:

1) whether the trial court erred in refusing to suppress the in-court identification of the defendant because of an unnecessarily suggestive pre-trial identification procedure; and,

2) whether there was sufficient evidence to convict the defendant of criminal deviate conduct while armed with a deadly weapon.

The evidence most favorable to the State reveals that on April 28, 1981, the defendant was driving his automobile in Michigan City. He stopped to chat with the prosecutrix and Kevin Edwards. The defendant apparently knew Edwards because he called out Edwards' name. After a short talk, the three proceeded in the defendant's car to Edwards' home to obtain marijuana. They then went to a school parking lot where the defendant and Edwards smoked two marijuana cigarettes.

They continued to drive around the area, when the defendant reached down with his left hand and picked up an object. The defendant placed the object against the prosecutrix's side and announced a "hold up." Edwards was ordered out of the car. While he continued to drive, the defendant forced the prosecutrix to perform fellatio. She was later released two blocks from her home.

I

The defendant first argues that the prosecution witnesses should not have been allowed to identify him in court because the police used an unnecessarily suggestive pre-

trial identification procedure. Both the prosecutrix and Kevin Edwards examined mug books at the police headquarters but they were unable to pick out any pictures as one of the man who committed the crime. Later, Officer Wilson went over to the prosecutrix's apartment with six additional photographs. Again, the prosecutrix and Edwards were unable to identify any of the photographs. Officer Wilson then pulled from his pocket a photograph which Edwards and the prosecutrix unequivocally identified as her assailant. This was a photograph of the defendant.

When the prosecutrix was about to identify the defendant during the trial, defense counsel moved to have the in-court identification suppressed. A hearing was held outside of the jury's presence. The trial court agreed to suppress any identification made through the photographs but allowed the prosecutrix to make an in-court identification.

"In-court identifications are admissible where the State can 'establish by clear and convincing evidence that the in-court identifications [are] based upon observations' gained independently of any unduly suggestive pre-trial confrontations. *United States v. Wade,* (1967) 388 U.S. 218, 240, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149, 1165. Among the factors to be considered in making this determination are:

' * * * the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification.'

*United States v. Wade, supra,* 388 U.S. at 241, 87 S.Ct. at 1940, 18 L.Ed.2d at 1165. In *Dillard v. State,* (1971) 257 Ind. 282, 289, 274 N.E.2d 387, 389, we set out additional tests, including:

' * * * the length of time the witness was in the presence of the perpetrator, the distance of the witness from him, the lighting conditions at the time, capacity for observation by the witness, [and] opportunity to observe particular characteristics of the criminal * * * ' "

*Harris v. State,* (1980) Ind., 403 N.E.2d 327, 329.

The prosecutrix, Kevin Edwards, and Officer Wilson all testified during the hearing on the motion to suppress the in-court identification. The prosecutrix testified that she and the defendant drove through well-lighted areas and she watched him closely so she could identify him later. Kevin Edwards testified that he recognized the defendant but could not recall his name. Edwards was able to give the police a description of the defendant after the encounter. Thus, the State was correct in asserting that there was an independent basis for identification and the trial court did not err in allowing the prosecutrix and Edwards to make an in-court identification of the defendant.

II

On May 20, 1981, the prosecutor filed an information alleging that the defendant knowingly or intentionally committed criminal deviate conduct "by using force or imminent threat of force, to-wit: by threatening [the prosecutrix] with a gun...." The defendant argues that there was insufficient evidence to show he used a gun during the crime.

This Court does not reweigh the evidence or judge the credibility of witnesses and will consider only that evidence most favorable to the State and all reasonable inferences drawn therefrom. When there is substantial evidence of probative value to support each element of the offense, the finding of the trier of fact will not be disturbed. *Napier v. State,* (1983) Ind., 445 N.E.2d 1361; *Jackson v. State,* (1980) Ind., 402 N.E.2d 947. It is also well settled that on review this Court does not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of in-

nocence but only that an inference may reasonably be drawn therefrom which supports the finding. *Napier, supra; Hall v. State,* (1980) Ind., 405 N.E.2d 530.

▮ Criminal deviate conduct, a class B felony, rises to the level of a class A felony if it is committed "by using or threatening the use of deadly force or while armed with a deadly weapon." Ind.Code § 35–42–4–2. Basically, the defendant's argument states that the witnesses to the crime did not specifically see a gun and the prosecutor was wrong to charge him with using a gun. However, the evidence at trial revealed that the defendant stuck a shiny, blunt object into the victim's side and told Edwards to leave, saying, "This is a holdup. Get out or I'll blow this bitch apart." Edwards left the car when he heard a click which sounded "like the hammer of a gun pulled back." The victim testified that the defendant told her she "better do [fellatio] or he'd blow me away." All this evidence clearly shows that the defendant used the threat of deadly force to gain the victim's compliance. It also supports an inference that the defendant used a gun during the crime, although the weapon was never found or admitted at trial. *Compare Zollatz v. State,* (1980) Ind., 412 N.E.2d 1200. The defendant was properly convicted of criminal deviate conduct, class A felony.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.