Charles E. **EAKINS**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 1–485A101.

Court of Appeals of Indiana,
First District.

Oct. 29, 1985.

Rehearing Denied Dec. 13, 1985.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant-appellant Charles Eakins (Eakins) appeals from a judgment of conviction for telephone harassment and battery. On September 24, 1985, 482 N.E.2d 1157, this court suspended consideration of Eakins' appeal and remanded with instructions to the Vanderburgh Superior Court to enter final judgment. We now affirm on the merits.

Eakins was a vocal music teacher at Harrison High School in Evansville. During the 1982–1983 school year, a freshman at the high school, Bobbie Jo Ingram, lodged a complaint against Eakins with the principal. Ingram complained that Eakins called female students names such as "sweetheart" and "honey", and that Eakins had hugged her and patted her on the derriere. Ingram continued to enroll in classes taught by Eakins. During Ingram's sophomore year, Eakins hugged and kissed her.

In the spring of 1984, the Ingram household began to receive harassing and obscene telephone calls. A trap was placed on the Ingram telephone, and the calls were traced to Eakins' home. Ingram had dated Eakins' son and could distinguish between Eakins' voice and his son's voice. Ingram testified that the telephone calls were placed by Eakins.

A six-count indictment against Eakins was filed with the clerk of the Vanderburgh Superior Court, Misdemeanor-Traffic Division. The information charged Eakins with battery and telephone harassment. Trial was held before the court without a jury. The court found Eakins guilty of the offenses charged.

Eakins raises two issues on appeal:

1) Whether the trial court erred in admitting the testimony of Heidi Harris relating acts of misconduct by Eakins; and

2) Whether a new trial should be granted on the basis of newly discovered evidence.

ISSUE ONE:

Heidi Harris, a former student at Harrison High School, testified that she had engaged in sexual relations with Eakins during her junior and senior years. Harris further testified that after she terminated her relationship with Eakins, she received an abusive telephone call from him and repeated hang-up calls. Eakins asserts that such testimony involving prior alleged misconduct should have been excluded.

It is true that evidence of uncharged criminal activity is inadmissible to prove a defendant's guilt. *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. However, such evidence may be admissible to show intent, purpose, identification, com-

mon plan or scheme. *Kalady v. State,* (1984) Ind., 462 N.E.2d 1299. For example, in *Allison v. State,* (1960) 240 Ind. 556, 166 N.E.2d 171, witnesses were permitted to testify as to harassing telephone calls made to them at least one year prior to the calls upon which the indictment was based. The Indiana Supreme Court reasoned that the similarities between the prior bad acts and the charged offense indicated a course of conduct. The testimony was entirely competent to show identity, intent and the pattern of the defendant's operation. *Id.* at 565, 166 N.E.2d at 175.

Likewise, Harris' testimony was admissible to prove identity and a common scheme or plan. The testimony demonstrated that Eakins had previously propositioned a student and that harassing telephone calls were received by the student when she terminated her relationship with Eakins. The testimony was competent to show Eakins' pattern of operation, and it was properly admitted by the trial court.

ISSUE TWO:

Eakins maintains that he is entitled to a new trial on the basis of newly discovered evidence. The newly discovered evidence upon which Eakins relies is an affidavit by Karen Stewart concerning abusive and harassing telephone calls received by her from Eakins' son, Brent.

The standard for granting a new trial on the basis of newly discovered evidence requires a showing

> (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result.

*Tungate v. State,* (1958) 238 Ind. 48, 54–55, 147 N.E.2d 232, 235–36.

Stewart's affidavit fails to meet the nine-part test, because the testimony of Stewart is cumulative. Evidence was presented at trial suggesting that Brent could have been responsible for the calls to Ingram. Mrs. Eakins testified that Brent would make calls from the Eakins' telephone, although Brent no longer lived at home. Additional testimony established that Brent and Eakins were often mistaken for one another on the telephone. Stewart's testimony was directed to an inference already raised by other evidence; the inference that Brent and not Eakins made the harassing telephone calls to Ingram. The cumulative nature of Stewart's testimony precludes the granting of a new trial on the basis of newly discovered evidence.

Alternatively, Eakins urges that a new trial must be granted because the State failed to disclose the complaints made by Stewart against Eakins' son, Brent. A defendant is entitled to a new trial for the State's failure to disclose if it is probable that a different verdict would have been returned had such evidence been presented. *Loyd v. State,* (1980) 272 Ind. 404, 413, 398 N.E.2d 1260, 1268. We are unconvinced that the trial court probably would have found Eakins not guilty upon hearing Stewart's testimony. Other evidence raised the inference that Brent and not Eakins made the calls to Ingram. Stewart's testimony did not make that inference more compelling. Eakins' alternative ground for a new trial is unavailing.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.