### EX PARTE GRACE BROOKS.

#### ·No. 5305.   Decided June 4, 1919.

**1.—Habeas Corpus—Public Health—City Health Officer.**

Where the contention, in the application for writ of habeas corpus, was that the city health officer held two offices and therefore could not act in the premises is untenable, there is no error.

**2.—Same—Quarantine Officer—Successor in Office—City Farm.**

Where relator was confined at the city farm for a venereal disease until discharged by the health officer, her contention that the quarantine officer had severed his connection with said city farm, the same was untenable, as other officers had charge thereof.

**3.—Same—City Farm—Unsuitable Place.**

In the absence of proof to support her contentions, or any showing that the city farm is not a suitable place for such patients as relator, the same cannot be considered.

**4.—Same—Confinement—Restoration to Health.**

The contention of relator that she was free of venereal disease cannot be considered, in the absence of a showing that the health officers or other physician had so determined.

**5.—Same—Legislative Intent—Venereal Disease—Prostitution.**

The legislature has power to declare that prostitution is a source of communicable diseases, and that its suppression is a public health measure, and to direct that reasonable steps be taken to the enforcement of health laws to suppress the same, there is nothing in the law which prevents or forbids any suspect from perfect freedom of treatment by any reputable physician while in custody.

**6.—Same—Constitutional Law—Reasonable Regulation.**

The act of the Legislature, Chapter 85, Fourth Called Session of the Thirty-fifth Legislature, with reference to the detention of persons afflicted with venereal diseases, etc., is constitutional, and not unreasonable or arbitrary, and where relator was shown to be a common prostitute afflicted with venereal diseases she is properly restrained under said law, in the custody of the health officers.

From Harris County.

Original habeas corpus proceedings, asking release from detention by the city health officers at the city farm for venereal diseases.

The opinion states the case.

*Turnley & Clark,* for relator.

*E. A. Berry,* Assistant Attorney General, for the State.—Cites State v. Brinkerhoff, 66 Texas, 45; Alsup v. Jordon, 69 id., 300; Kinney v. Zimpleman, 36 id., 554; Cox v. Tex. Cent. Ry. Co., 68 id., 226; Thulemeyer v. Jones, 37 id., 560; Aaron v. Broiles, 64 id., 316.

LATTIMORE, Judge.—This is an original application for writ of habeas corpus sued out by the relator, Grace Brooks, who is detained by Searcy Baker, Chief of Police at Houston, by reason of an order issued by John M. Holt, U. S. P. H. S., Director of Sanitation and chief health officer of said City of Houston, which order directs that the relator be confined at the City Farm until discharged by said heath officer. A copy of said order is attached to the application and it is substantially stated therein that relator has been examined and is infected with syphilis and is ordered into quarantine at the said municipal farm there to be detained until released by order of said health officer.

The first ground of the application is that the said city health officer has no right or power to act in the premises because of the fact that he holds two offices in derogation of the provisions of our Constitution. This contention is wholly unsupported and is negatived by the facts.

The second contention is that the order is void because it authorizes the delivery of the relator into the hands of P. M. Creagh, who is not a quarantine officer and who has, since relator was remanded to his custody, severed his connection with the city farm and the city administration. The order of the health officer remanded relator to confinement at the city farm, and the mention of Creagh was incidental. If said officer has resigned or been removed his successor, the Chief of Police or other officer having charge of said farm would have legal custody of relator.

The next contention made is that the farm is not a suitable place for such patients, is too remote from the city and transportation facilities, and the friends of the relator, etc. There is nothing supporting any of these propositions suggested by the statement of facts.

The fourth contention is that there have been numerous tests given relator since her confinement and that some of the same showed positive and some negative results. Nothing is thus presented for our decision. If relator is free from syphilis or gonorrhea she may present her application for writ of habeas corpus to the local courts under the authority of Ex parte Hardcastle, decided by us at this term and if free therefrom may be discharged. The courts well understand that the health officers have no right or power to hold in quarantine citizens who do not show the presence of some of the diseases named in Chapter 85 of the Acts of the Fourth Called Session of the Thirty-fifth Legislature.

It is claimed that relator is denied treatment at the hands of other physicians than the city health officer, by the terms of said Act. We find nothing in the statute, or facts adduced and agreed to, to support such contention.

We have carefully examined all of the contentions of the relator and hold them without merit. The Legislature has power to declare that prostitution is a source of communicable diseases and that its

suppresssion is a public health measure, and to direct, by enactment, that reasonable steps be taken, in the manner and with the latitude necessarily accorded to the enforcement of sanitary and health statutes, to suppress same. The discovery in patients of the diseases at which the provisions of Chap. 85 *supra* are directed, is confided to the medical profession, and the care and treatment thereof is of necessity in the hands of the members of the same noble fraternity. There is nothing in the Act which prevents or forbids any suspect, or persons detained, from perfect freedom of treatment by any reputable physician while in the custody of the officials charged with the enforcement of the law; and nothing which deprives any persons so confined for treatment, of a speedy hearing at the hands of the court if there be oppression or detention without a cause. The object of the law is not punishment for the unfortunates who are afflicted with these maladies, so easily transmitted and so fearful in results, but the well being of these and the remainder of the people.

In the instant case relator is shown to be a married woman with a hard-working husband and four children, the youngest being eighteen months, old, but the record discloses that she declines to live with them, stating that she prefers the life of the streets. She is shown to be a common prostitute and a street-walker, unwilling to stay at home and preferring to live by the profligate use of her body. Testimony was adduced showing numerous bestowals of carnal favors upon soldiers and other persons, also that relator was afflicted with gonorrhea and syphilis. We think the provision of said Act that such patients should be confined for treatment until declared cured by official pronouncement, is not unreasonable, unjust or arbitrary. Our attention is not called to any authorities holding this or other similar acts violative of any of the provisions of our Constitution, or discriminatory, arbitrary or unreasonable.

The writ is dismissed and relator remanded to the custody of the Chief of Police of the City of Houston, subject to the orders of the city health officer of said city.

*Relator remanded to Custody.*