BUSHNELL v. ELLIS, CORRECTIONS DIRECTOR.

No. 561. Argued May 2, 1961.—Decided May 22, 1961.

*Percy D. Williams,* acting under appointment by the Court, 364 U. S. 917, argued the cause and filed a brief for petitioner.

*B. H. Timmins, Jr.,* Assistant Attorney General of Texas, argued the cause for respondent. With him on the brief were *Will Wilson,* Attorney General, and *Linward Shivers,* Assistant Attorney General.

PER CURIAM.

The judgment of the Court of Criminal Appeals of Texas is reversed and the cause is remanded to that court with directions to grant petitioner a hearing upon his petition for a writ of habeas corpus. *Uveges* v. *Pennsylvania,* 335 U. S. 437; *Cash* v. *Culver,* 358 U. S. 633; *McNeal* v. *Culver,* 365 U. S. 109.

MR. JUSTICE STEWART took no part in the consideration or decision of this case.

MR. JUSTICE CLARK, with whom MR. JUSTICE FRANK-FURTER and MR. JUSTICE HARLAN join, dissenting.

This application for the issuance of a writ of habeas corpus was filed as an original action in the Court of Criminal Appeals of Texas. Neither the record, the briefs, nor argument of counsel indicates that such an action has ever been filed in a District Court of Texas as appears to be required by Texas procedure. See *Ex parte Rod-*

*riguez,* 169 Tex. Cr. R. ——, 334 S. W. 2d 294 (1960); *Ex parte Fitzpatrick,* 167 Tex. Cr. R. 376, 320 S. W. 2d 683 (1959); *Ex parte Brooks,* 85 Tex. Cr. R. 397, 212 S. W. 956 (1919). The judgment of the Court of Criminal Appeals might, therefore, have been based upon an independent state ground. In this condition of the record, I would affirm the judgment without prejudice to the petitioner's filing in any appropriate Texas District Court an application for a writ of habeas corpus to test out the validity of his detention. See Vernon's Tex. Code Crim. Proc., Art. 119.