Benjamin FISHER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–9309–CR–493.

Court of Appeals of Indiana,
Second District.

Oct. 20, 1994.

Ralph L. Robinson, Daniel D. Houston, Lafayette, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

KIRSCH, Judge.

Appellant-defendant Benjamin Fisher appeals his conviction of two counts of Child Molesting,[1] Class C felonies. His sole claim of error is that the trial court impermissibly admitted evidence of his prior uncharged sexual misconduct.

We reverse.

## FACTS

At trial, Fisher's nine-year-old granddaughter testified that Fisher touched and rubbed her vagina on two occasions: once

---

1. IC 35–42–4–3(b) (1988 Ed.).

while the victim was in Fisher's truck and once while she watched television with Fisher in her home. Fisher testified in his own defense that he would occasionally rub the victim's chest and stomach because she had requested he do so during her recuperation from open heart surgery. Fisher claimed on direct examination in his case-in-chief that any improper touching he might have done was unintentional and accidental. On cross-examination, Fisher testified that he never molested the victim, or any other child, at any time in his life.

On rebuttal, Fisher's 32–year–old daughter, who is also the victim's mother, testified that Fisher molested her when she was between four and nine years old. Fisher's daughter claimed that the early molestations commenced when she was four years old. They involved Fisher rubbing her chest and vagina. Fisher began having sexual intercourse with her when she was six years old. These incidents occurred in Fisher's truck and in the family home. The investigating police officer also testified that Fisher admitted molesting his daughters when they were young.

Fisher objected to the State's rebuttal evidence on the ground that evidence of prior uncharged sexual misconduct is inadmissible under *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. The trial court admitted the testimony over Fisher's objection. The court also gave the jury the following final instruction:

> "Evidence has been introduced that the defendant was involved in crimes other than those charged in the information. This evidence has been received solely on the issue of the defendant's intent or absence of mistake. This evidence is to be considered by you only for the limited purpose for which it was received."

*Record* at 525–26.

## DISCUSSION AND DECISION

■ To be considered relevant in Indiana, evidence must logically tend to prove or disprove a material issue of fact.

*Bolin v. State* (1994), Ind.App., 634 N.E.2d 546, 548. Evidence which tends to prove a material fact is admissible, even if the tendency to provide such proof is slight. *Id.* The permissible material facts for which prior misconduct evidence may be offered to prove are set forth in Fed.R.Evid. 404(b), as adopted by our supreme court in *Lannan*, 600 N.E.2d 1334. Under that rule:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." [2]

In adopting Rule 404(b), the court in *Lannan* abrogated the previously authorized depraved sexual instinct exception which allowed the admission of character evidence in the prosecution of certain sex offenses. Rather than admitting evidence of prior bad acts to establish that a sex crime defendant acted in conformity with a previously exhibited depraved sexual instinct, such evidence can now be admitted only when it is offered for a purpose other than to prove that the defendant acted in conformity with some character trait. *Lannan*, 600 N.E.2d at 1339. The evidence becomes admissible not because it ceases to show the defendant's bad character or criminal propensity, but because it makes the existence of an element of the crime charged more probable than it would be without such evidence, despite its tendency to show bad character or criminal propensity. *Id.*

In evaluating the admissibility of evidence under Rule 404(b), the Seventh Circuit employs a four-part test which this court recently cited with approval in *Pirnat v. State*

---

**2.** Rule 404(b) was included in the Indiana Rules of Evidence adopted by our supreme court on August 24, 1993, with an effective date of January 1, 1994. *See Wickizer v. State* (1993), Ind., 626 N.E.2d 795, 796 n. 1.

(1993), Ind.App., 612 N.E.2d 153, 155. The test requires that the evidence:

"(1) be directed toward proving a matter in issue other than the defendant's propensity to commit the crime charged, (2) show that the prior act is similar enough and close enough in time to be relevant to the matter in issue, (3) be such that a reasonable jury could find that the act occurred and that the defendant committed the act, and (4) meet the requirement of Rule 403 that the evidence's probative value not be substantially outweighed by the danger of unfair prejudice. *United States v. Monzon*, 869 F.2d 338, 344 (7th Cir.), *cert. denied*, 490 U.S. 1075, 109 S.Ct. 2087, 104 L.Ed.2d 650 (1989)."

*United States v. Schweihs* (7th Cir.1992), 971 F.2d 1302, 1311; *see also Pirnat*, 612 N.E.2d at 155 (citing *United States v. Hudson* (7th Cir.1989), 884 F.2d 1016, 1018–19, *cert. denied*, 496 U.S. 939, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990)).

In the present case, the State offered the prior bad act evidence to prove intent, a proper purpose under Rule 404(b).[3] Our supreme court elaborated on the intent exception contained in Rule 404(b) in *Wickizer v. State* (1993), Ind., 626 N.E.2d 795, a case also involving charges of child molestation. There, the court declared that the intent exception in Rule 404(b)[4] would be narrowly construed in accordance with the following:

"The intent exception in Evid.R. 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent. When a defendant alleges in trial a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation of his own case-in-chief, the State may respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's

intent at the time of the charged offense. The trial court must then determine whether to admit or exclude such evidence depending upon whether 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.' Evid.R. 403."

*Id.* at 799. Thus, the defendant must first place intent "at issue" before prior bad act evidence relevant to intent is admissible. *Thomas v. State* (1993), Ind.App., 612 N.E.2d 604, 607, *trans. denied*; *Schweihs*, 971 F.2d at 1311.

As in *Wickizer*, the relevant intent here is "with intent to arouse or to satisfy the sexual desires of either the child or the older person." IC 35-42-4-3(b). Unlike the defendant in *Wickizer*, however, Fisher took the stand and professed an intent contrary to the one constituting an element of the crime. On direct examination, Fisher claimed that if any improper touching occurred, it was accidental and unintentional. The State offered the evidence of Fisher's prior misconduct on rebuttal, after Fisher made his declaration of contrary intent on direct examination. Presentation of the evidence in such a manner complies with the dictates of both *Wickizer* and *Lannan*.

Minimal connection with a proper purpose for admitting the previous sexual misconduct does not alone make the evidence admissible. *Wickizer* further limits the admissibility of prior misconduct evidence by requiring that it be "genuinely relevant to prove the defendant's intent at the time of the charged offense." 626 N.E.2d at 799. Determination of genuine relevance necessarily includes consideration of the second prong of the four-part test: the evidence of Fisher's prior misconduct must be similar

---

**3.** The State also offered the evidence to attack Fisher's credibility. *Record* at 394. Because the trial court received the evidence only on the intent/absence of mistake issue, and instructed the jury to consider the evidence only for that purpose, we will consider the propriety of that purpose and no other.

**4.** While relying upon Federal Rule 404(b), the court recognized that given the similarities between the federal rule and the newly adopted state rule, its decision would be determinative in future cases involving Ind.Evid.R. 404(b). *Wickizer*, 626 N.E.2d at 796.

enough and close enough in time to be genuinely relevant to prove Fisher's intent at the time of the charged offenses. *See Schweihs,* 971 F.2d at 1311; *Pirnat,* 612 N.E.2d at 155. Remoteness and similarity must be considered together because the two concepts are so closely related; the remoteness of a prior crime takes on increased significance as the similarity between the prior crime and the charged offense increases. Thus, a prior bad act, despite its remoteness, may still be relevant if it is strikingly similar to the charged offense. Conversely, less similarity may be required where the prior act is closer in time to the charged incident.

The evidence at issue here fails on both counts. With respect to remoteness, the State urged at trial and on appeal that the remoteness of a prior bad act goes to its weight, not its admissibility. *See Lawrence v. State* (1984), Ind., 464 N.E.2d 923; *Harp v. State* (1988), Ind.App., 518 N.E.2d 497. With the abrogation of the depraved sexual instinct exception, the State's premise fails. *See Stout v. State* (1993), Ind.App., 612 N.E.2d 1076, 1078–79, *trans. denied.* Remoteness is to be considered in determining relevance, and ultimately, admissibility. *Schweihs,* 971 F.2d at 1311; *Pirnat,* 612 N.E.2d at 155.

Here, the evidence is too remote to be genuinely relevant. The prior bad acts occurred at least twenty-three years prior to the charged offenses. As such, the evidence is not probative of Fisher's intent at the time of the charged offense.

In oral argument, the State cited *State v. Sneeden* (1993), 108 N.C.App. 506, 424 S.E.2d 449, as support for admitting the challenged evidence. In *Sneeden,* the court upheld the admission of a 23–year–old rape conviction in the defendant's trial for various sex offenses. That case can be distinguished on two very important grounds. First, North Carolina takes a liberal approach to the admissibility of prior similar sex offenses, especially where the defendant's intent is the fact in issue. *Id.,* 424 S.E.2d at 451. Indiana, however, "is best served by a narrow construction of the intent exception in Evid.R. 404(b)." *Wickizer,* 626 N.E.2d at 799; *see also Levi v. State* (1994), Ind.App., 627 N.E.2d 1345, 1348.

Second, the prior misconduct in *Sneeden* resulted in the bringing of charges and an eventual conviction, whereas the prior misconduct in the present case did not. A narrow interpretation of the intent exception is important because:

> "One of the dangers inherent in the admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged but for the extrinsic offense. *See* Note, *Other Crimes Evidence at Trial: Of Balancing and Other Matters,* 70 Yale L.Rev. 763, 773 (1961). This danger is particularly great where, as here, the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged."

*United States v. Beechum* (5th Cir.1978), 582 F.2d 898, 914, *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979) (footnote omitted).

In our view, the dissenting opinion in *Sneeden* better reflects Indiana's approach to the admission of prior misconduct evidence. In the words of Judge Greene:

> "[D]espite the fact that some similarities exist between the two crimes at issue, the twenty-three-year lapse of time between the acts virtually negates any probative value which otherwise could be attributed to evidence of the 1967 rape."

*Sneeden,* 424 S.E.2d at 453–54 (Greene, J., dissenting) (footnote omitted).

The appropriateness of this approach has been confirmed by this and other jurisdictions which have considered the admissibility of remote prior misconduct evidence in sex offense cases. *See, e.g., Henry v. Estelle,* 33 F.3d 1037, 1042–43 (9th Cir.1994) (per curiam), *aff'g* 993 F.2d 1423 (9th Cir.1993) (evidence of uncharged molestation occurring twenty years prior to offense at issue held inadmissible because "[t]here were no permissible inferences the jury could have drawn ..., and it was so inflammatory as to necessarily have deprived [the defendant] of a fair trial"); *United States v. Fawbush* (8th Cir.1990), 900 F.2d 150, 151 (evidence that defendant molested his daughters nine years

prior to trial for child molestation held inadmissible because it "was relevant to his motive, intent, plan, or knowledge with respect to the acts for which he was tried only insofar as the previous sexual abuse tended to show a propensity to commit such acts"); *Martin v. State* (1993), Ind., 622 N.E.2d 185, 188 (defendant's daughter's testimony that defendant had molested her approximately twenty years prior to child molestation trial did not "fall within one of the exceptions given in Federal Rule 404(b) and, thus, it was error to admit the testimony"); *Pirnat*, 612 N.E.2d 153, 155 (three-year-old child molestation conviction inadmissible under Rule 404(b) because it was "not recent enough to meet the *Hudson* requirement that the other crime, to be relevant, be close enough in time to the present offense"). In short, the prior misconduct evidence here was too remote to be relevant to prove Fisher's intent at the time of the charged offenses.

Furthermore, the charged and uncharged offenses were not sufficiently similar to make up for the latter's remoteness in time. The State urges that the offenses are sufficiently similar because the victims were roughly the same age, both victims were molested in a family home and in Fisher's truck, and the victims were both related to Fisher. These are simply common characteristics of most child molestations, and do not warrant admission of the uncharged prior misconduct. *See Pirnat*, 612 N.E.2d at 155 (fact that both victims were defendant's stepchildren and were both molested while lying in bed were merely characteristics that were typical, indeed, common in child molestation cases).

■■■ Despite our conclusion that the evidence was erroneously admitted, reversal is not proper unless Fisher's substantial rights were harmed. *See Thomas*, 612 N.E.2d at 608. The erroneous admission of evidence constitutes harmless error when the conviction is supported by such substantial independent evidence of guilt that the reviewing court is satisfied that there is no substantial likelihood of the improperly admitted evidence contributing to the conviction. *Wickizer*, 626 N.E.2d at 800. In determining whether reversal is warranted, we must assess the probable impact of the evidence on the jury. *Thomas*, 612 N.E.2d at 608.

Here, we can reach no other conclusion but that the erroneously admitted evidence swayed the jury's verdict, and thus, requires reversal. The independent evidence of guilt is not so substantial as to allow us to conclude that the improperly admitted evidence did not contribute to Fisher's convictions. Apart from his own testimony regarding intent, Fisher presented testimony from the victim's cousins that they were told by the victim that she was going to lie to put Fisher in jail. The State encouraged the jury to draw the "forbidden inference" that Fisher was of bad character by stating in closing "Remember how it started out with [Fisher's daughter]." *Record* at 516. Finally, there is the extreme prejudice that the evidence evoked: it is the type of evidence that could easily lead the jury to conclude that Fisher should be punished for the prior acts without regard to his present guilt. Under the circumstances of this case, the erroneous admission of the prior bad act evidence was inconsistent with substantial justice and affected Fisher's substantial right to a fair trial.

For these reasons, Fisher's convictions are reversed and the cause remanded for a new trial.

SULLIVAN and RUCKER, JJ., concur.