Donna R. CHRISTIAN–HORNADAY,
Appellant (Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 29A04–9406–CR–218.

Court of Appeals of Indiana,
Fourth District.

April 26, 1995.

Karl E. Hadley, Arvin R. Foland & Associates, Noblesville, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Donna Christian–Hornaday appeals her convictions by jury of two counts of harassment[1] as class B misdemeanors. We affirm.

### ISSUE

Did the trial court abuse its discretion in admitting evidence regarding harassing telephone calls for which Hornaday was not charged?

### FACTS

In 1990, Donna Christian–Hornaday was employed at Merchant's Bank in Indianapolis. Her supervisor was Linda Pope. In July, 1990, Pope and Charles Dolder, another supervisor, conducted Hornaday's annual job performance review. When Hornaday was advised that she would be placed on probation due to her poor job performance, Hornaday became upset, left the meeting prior to its conclusion, and quit her job at the bank.

In late January 1991, Pope began receiving harassing phone calls. Pope reported the calls to the Hamilton County Sheriff's Department, and a "trap and trace" device was placed on her phone lines. Pope told the Sheriff's Department officers that she thought a former employee was making the calls. On the morning of February 27, 1991, Pope received two telephone calls. The first call was a hang-up call. During the second call, the caller referred to some specific personal problems that Pope had had in the past. The "trap and trace" device traced the call to Hornaday's phone line.

Hornaday was arrested and charged with two counts of harassment. At trial, the court permitted Pope to testify about phone calls which she had received prior to February 27, 1991, and for which Hornaday had not been charged. Pope testified that she had received at her home more than ten telephone calls which she considered to be of a harassing nature from January 31 to late February 1991. According to Pope, the calls were short in duration, there was no attempt to

engage her in conversation, and the caller frequently hung up without speaking. When the caller did speak, the caller threatened Pope and commented on the state of Pope's marriage. Pope further testified that she was certain that the caller was Hornaday. Pope's certainty was based on her familiarity with Hornaday's voice. According to Pope, she had frequently spoken with Hornaday on the phone during the course of their employment together.

Hornaday was convicted of two counts of harassment as class B misdemeanors. She now appeals those convictions.

### DECISION

Hornaday argues that the trial court erred in admitting Pope's testimony regarding harassing telephone calls for which Hornaday was not charged. Specifically, Hornaday argues that the "admission of prior uncharged acts evidence relative to telephone calls allegedly received by the victim and from the Defendant prior to the date of the charged offenses (February 27, 1991) was improper under Fed.R.Evid. 404(b) and 403." Hornaday's Brief, p. 9. We disagree.

A trial court's decision to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Gardner v. State* (1994), Ind.App., 641 N.E.2d 641, 645. The general rule in Indiana is that evidence is relevant if it tends logically to prove or disprove a material issue of fact. *Rafferty v. State* (1993), Ind.App., 610 N.E.2d 880, 883. Evidence tending to prove a material fact is admissible, even if the tendency to provide such proof is slight. *Id.* The permissible material facts which prior misconduct evidence may be offered to prove are set forth in Fed.R.Evid. 404(b), which was adopted by our supreme court in *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. *Fisher v. State* (1994), Ind.App., 641 N.E.2d 105, 107. Fed.R.Evid. 404(b) provides in pertinent part as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in con-

---

1. Ind.Code 35–45–2–2.

formity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....[2]

In evaluating the admissibility of evidence under Evid.R. 404(b), the Seventh Circuit employs a four-part test which this court has cited with approval in *Fisher, supra*, at 107 and *Pirnat v. State* (1993), Ind.App., 612 N.E.2d 153, 155, *reh'g denied*. The test requires that the evidence:

(1) be directed toward proving a matter in issue other than the defendant's propensity to commit the crime charged, (2) show that the prior act is similar enough and close enough in time to be relevant to the matter in issue, (3) be such that a reasonable jury could find that the act occurred and that the defendant committed the act, and (4) meet the requirement of Rule 403 that the evidence's probative value not be substantially outweighed by the danger of unfair prejudice. *United State v. Monzon*, 869 F.2d 338, 344 (7th Cir.), *cert. denied*. 490 U.S. 1075, 109 S.Ct. 2087, 104 L.Ed.2d 650 (1989).

*Fisher*, 641 N.E.2d at 108 (quoting *United States v. Schweihs* (7th Cir.1992), 971 F.2d 1302, 1311).

■ In the present case, the State offered the prior misconduct evidence to prove Hornaday's intent, a proper purpose under Evid.R. 404(b). Our supreme court elaborated on the intent exception contained in Evid.R. 404(b) in *Wickizer v. State* (1993), Ind., 626 N.E.2d 795. In *Wickizer*, the court concluded that "Indiana is best served by a narrow construction of the intent exception in 404," and declared as follows:

The intent exception in Evid.R. 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent. When a defendant alleges in trial a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation of his own case-in-chief, the State may respond by offering evidence of prior crimes, wrongs or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense. The trial court must then determine whether to admit or exclude such evidence depending on whether 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.' Evid.R. 403.

*Id.* at 799. Thus, the defendant must first place intent "at issue" before prior bad act evidence relevant to intent is admissible. *Fisher*, 641 N.E.2d at 108.

■ The relevant intent in this case is the "intent to harass, annoy, or alarm another person but with no intent of legitimate communication." Ind.Code 35–45–2–2. We observe that in her opening statement, Hornaday put her intent at issue by stating as follows:

There is no issue in this case as to the identity of the caller on February 27, 1991. That identity will be established as Donna Hornaday. However, the issue is whether or not Mrs. Hornaday made the call with the intent to annoy or harass Mrs. Pope and whether or not she intended legitimate communication.

(R. 369). The State offered the evidence of Hornaday's prior misconduct during direct examination of Pope, after Hornaday had made her declaration of contrary intent during her opening statement.[3] Presentation of the evidence in such a manner complies with

---

**2.** Our supreme court adopted Fed.R.Evid. 404(b) "virtually verbatim" as Ind. Evidence Rule 404(b). *Wickizer v. State* (1993), Ind., 626 N.E.2d 795, 799. The Indiana Rules of Evidence were adopted by our supreme court on August 24, 1993, with an effective date of January 1, 1994. *Fisher v. State* (1994), Ind.App., 641 N.E.2d 105, 107, n. 2.

**3.** "Under *Wickizer*, the test is whether the prior conduct was admitted before the defendant presented a claim of particularly contrary intent." *Butcher v. State* (1994), Ind.App., 627 N.E.2d 855, 859.

the dictates of both *Wickizer* and *Lannan*.[4] *See, Fisher, supra*, at 108.[5]

■ *Wickizer* further limits the admissibility of prior misconduct evidence by requiring that it be "genuinely relevant to prove the defendant's intent at the time of the charged offense." *Wickizer*, 626 N.E.2d at 799. Determination of genuine relevance necessarily includes consideration of the second prong of the four-part test: the evidence of Hornaday's prior misconduct must be similar enough and close enough in time to be genuinely relevant to prove Hornaday's intent at the time of the charged offenses. *See, Fisher, supra*, 641 N.E.2d at 108–09.

In *Fisher*, this court found that the defendant's prior misconduct, which had occurred at least 23 years before the charged offenses, was too remote to be genuinely relevant. In addition, the charged and uncharged offenses were not sufficiently similar to make up for the latter's remoteness in time. Rather, the similar characteristics of the offenses—both victims were the same age at the time of the molestations which occurred at home or in the defendant's truck—were simply characteristics common to most child molestations.

Here, the prior phone calls are similar to the calls for which Hornaday was charged. The calls were all made to Pope's residence. The calls were of short duration, and there were no attempts to engage Pope in conversation. The caller frequently hung up without talking and, when the caller did speak, the caller mentioned things about which only someone who knew Pope would have knowledge. In addition, Pope identified the same voice in all of the calls. The prior calls are similar enough to the charged conduct to be genuinely relevant. Further, the prior phone calls occurred within one month of the charged conduct. The prior calls are close enough in time to the charged conduct to be genuinely relevant.

■ The third prong of the four-part test requires that the prior misconduct evidence be such that a reasonable jury could find that the act occurred and that the defendant committed the act. According to the 7th Circuit, the "similar act evidence should be admitted if there is 'sufficient evidence' to support a finding by the jury that the defendant committed the similar act. *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988)." *United States v. Connelly* (7th Cir., 1989), 874 F.2d 412, 414, n. 5.

Here, Pope testified that she received harassing phone calls from a former employee. She identified the caller's voice based on her frequent phone contact with Hornaday during their employment together. The uncorroborated testimony of a victim is sufficient to support a conviction. *Sayles v. State* (1987), Ind.App., 513 N.E.2d 183, 186, *reh'g denied, trans. denied.* Accordingly, there is sufficient evidence to support a finding by the jury that Hornaday made the prior phone calls.

**4.** Hornaday argues that "[a]lthough the Defendant concedes that counsel for the Defendant set forth that intent would be presented on behalf of the State and by the Defendant relative to the intent of the telephone calls of February 27, 1991, during said counsel's opening statement, no particular contrary intent was set forth prior to the State's presentation of its case-in-chief." Hornaday's Reply Brief, p. 3–4. Hornaday's argument is disingenuous. Evidence of prior misconduct is admissible after a defendant puts his or her intent "at issue". Here, Hornaday put her intent "at issue" during her opening statement.

**5.** We note that this result is consistent with *United States v. Khorrami* (7th Cir., 1990), 895 F.2d 1186, *reh'g denied, cert. denied*, (1990), 498 U.S. 986, 111 S.Ct. 522, 112 L.Ed.2d 533, and *Eakins v. State* (1985), Ind.App., 484 N.E.2d 607, *reh'g denied, trans. denied.* In *Khorrami*, the 7th Circuit held that the trial court's admission of tape recordings of telephone calls which Khorrami made to an organization on January 12 and 13 in Khorrami's prosecution for making a threatening telephone call on January 15 did not violate Fed.R.Evid. 403 and 404. *Khorrami, supra*, at 1194. The Seventh Circuit held that the prior telephone calls were relevant to both Khorrami's intent and identity. *Id.* In *Eakins*, this court found that the trial court did not err in allowing a witness to testify about harassing telephone calls which she had received from Eakins even though the calls occurred one year prior to the calls upon which Eakins' indictment was based, and Eakins was not charged with them. *Eakins, supra*, at 609. Judge Robertson found that the prior calls were relevant to prove Eakins' identity and a common scheme or plan. *Id. See also, Allison v. State* (1960), 240 Ind. 556, 166 N.E.2d 171, *cert. denied*, (1961), 365 U.S. 608, 81 S.Ct. 822, 5 L.Ed.2d 821, *reh'g denied*, (1961), 366 U.S. 927, 81 S.Ct. 1349, 6 L.Ed.2d 386.

Lastly, the four-part test requires that the prior misconduct evidence meet Evid.R. 403's requirement that the evidence's probative value not be substantially outweighed by the danger of unfair prejudice. This prong is consistent with Indiana case law providing that even if the evidence is admissible under Evid.R. 404(b), the evidence must still meet the test of Evid.R. 403. *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 129;[6] *Koo v. State* (1994), Ind.App., 640 N.E.2d 95, 102, *reh'g denied, trans. denied.*

In *Koo,* this court found that the evidence of Koo's alleged prior uncharged acts of sexual misconduct was highly probative because there were no witnesses, and the current victim's rape test was inconclusive. In addition, because the prior incidents contained many of the details found in the case for which Koo was charged, this court found that the prior misconduct evidence lends credence to the victim's story.

Here, the prior misconduct evidence lends credence to Pope's story because the prior phone calls contained many of the details found in the calls for which Hornaday was charged. In addition, the evidence of the prior telephone calls is highly probative because there were no witnesses to the calls. We further note that any potential prejudice to Hornaday was minimized by the final jury instructions wherein the trial court stated as follows:

> Evidence has been introduced that the defendant was involved in acts other than those charged in the Information. This evidence has been received solely on the issue of the defendant's intent. This evidence is to be considered by you only for the limited purpose for which it was received.

(R. 204). *See, Koo, supra,* at 102. The probative value of the uncharged misconduct is not substantially outweighed by the danger of unfair prejudice.

The trial court did not abuse its discretion in admitting evidence regarding harassing telephone calls for which Hornaday was not charged.

Affirmed.

CHEZEM and RUCKER, JJ., concur.

---

6. In *Hardin*, our supreme court adopted Fed. R.Evid. 403, which provides as follows:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Our supreme court later adopted Fed.R.Evid. 403 virtually verbatim as Evid.R. 403.