## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 19 2020, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy A. Cooper,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 19, 2020<br><br>Court of Appeals Case No.<br>20A-CR-855<br><br>Appeal from the<br>Tippecanoe Superior Court<br><br>The Honorable<br>Steven P. Meyer, Judge<br><br>Trial Court Cause No.<br>79D02-1907-F5-123 |

**Kirsch, Judge.**

Timothy A. Cooper ("Cooper") appeals his conviction for failure to register as a sex or violent offender with a prior conviction[1] as a Level 5 felony. Cooper raises the following restated issues for our review:

> I. Whether the trial court abused its discretion by admitting evidence of Cooper's prior conviction for failure to register;
>
> II. Whether the evidence was sufficient to support Cooper's conviction for Level 5 felony failure to register as a sex or violent offender with a prior conviction; and
>
> III. Whether Cooper's due process rights were violated because he claims that the jury observed him in shackles.

We affirm.

## Facts and Procedural History

On May 19, 2000, Cooper pleaded guilty to rape as a Class B felony, which made him a sexually violent predator pursuant to Indiana Code section 35-38-1-7.5. *State's Exs*. 6-8. In 2012, Cooper filed a petition to determine his registration status, which the trial court denied and dismissed. *State's Ex.* 8. In its denial and dismissal of Cooper's petition, the trial court noted that because of Cooper's plea of guilty to rape he "was adjudged a sexually violent predator pursuant to Indiana Code 35-38-1-7.5" and was required to register with local law enforcement for life. *Id*. It also noted that the required ten-year registration

---

[1] *See* Ind. Code § 11-8-8-17(a)(1), (b).

period following Cooper's release from incarceration had not elapsed when Cooper filed the petition and concluded that Cooper's petition was not yet ripe for consideration. *Id.*

[4] On April 1, 2019, Officer Alexander Dehr ("Officer Dehr") of the Lafayette Police Department was assigned to monitor Cooper, which required Officer Dehr to visit Cooper once per month to ensure that Cooper was residing at the address he provided. *Tr. Vol. II* at 179-82. On April 13, 2019, Officer Dehr went to 1427 North 16th Street, the address Cooper provided, but Cooper was not there. *Id.* at 183. Officer Dehr returned to that same address on April 23, 2019 and May 29, 2019 and on both occasions met with Cooper. *Id.* at 183-84. On June 23, 2019, Officer Dehr again arrived at 1427 North 16th Street to confirm Cooper's residency at that address. *Id.* at 184. When Officer Dehr knocked on the door, he instead found a different individual living at the residence. *Id.* at 185. Officer Dehr called Cooper, and Cooper told Officer Dehr that he had been "kicked out" and was homeless. *Id*.

[5] Officer Dehr met with Cooper at the local library, and he confirmed that Cooper had not registered his new status as homeless. *Id.* at 185, 188. Cooper also told Officer Dehr that he was not "required" to register and had spoken with Detective David Morgan ("Detective Morgan"), the officer in charge of maintaining the sex offender registry, about the issue. *Id.* at 188-89. Officer Dehr informed Cooper that he needed to update his registration and gave him additional time to complete his paperwork. *Id.* at 189. On July 21, 2019, Officer Dehr again met with Cooper to confirm that he had completed his

required registration. *Id.* at 192. Cooper indicated that he had not done so but planned to do it the next day. *Id.* at 193. At that point, Officer Dehr placed Cooper under arrest. *Id.*

[6] On July 22, 2019, the State charged Cooper with failure to register as a sex or violent offender with a prior conviction as a Level 5 felony. *Appellant's App. Vol. II* at 18. On February 12, 2020, the State filed a notice of its intent to offer 404(b) evidence, in which it notified Cooper that it intended to offer evidence related to his investigation, arrest, and prosecution for failure to register as sex offender in Cause Number 46C01-1304-FD-1157 ("Cause No. FD-1157"); Cause Number 46C01-1210-FD-2894 ("Cause No. FD-2894"); and 49F09-0509-FD-167240 ("Cause No. FD-162740"). *Id.* at 7, 66. The State intended to use Cause No. FD-1157, Cause No. FD-2894, and Cause No. FD-162740 to show "[Cooper's] *knowledge* of his responsibility to register as his past failures to do so have resulted in criminal charges." *Id.* at 66 (emphasis in original). The following day, Cooper filed his objection to the State's notice of intent to offer 404(b) evidence, principally arguing that admission of the information about the cases under the three cause numbers involving failure to register would be used to show propensity and would be more prejudicial than probative. *Id.* at 7, 72-74.

[7] At a February 18, 2020 hearing the trial court stated it was "leaning toward allowing the conviction" in Cause No. FD-1157 and "leaving out" Cause No. FD-2894 and Cause No. FD-162740, because neither resulted in a conviction. *Tr. Vol. II* at 34, 37. At the hearing, the trial court also determined that it would

conduct a bifurcated trial.[2]  *Id.* at 51.  On February 20, 2020, the trial court issued an order stating that it would allow the admission of Cooper's prior conviction for failure to register in Cause No. FD-1157 under Indiana Evidence Rule 404(b) "for the limited purpose of proving knowledge" and excluded Cause No. FD-2894 and Cause No. FD 162740 because neither led to a conviction and  "the probative value of such evidence is substantially outweighed by unfair prejudice, misleading the jury, and needlessly presenting cumulative evidence."  *Appellant's App. Vol. II* at 76.

[8]     On February 25, 2020, trial court held the first phase of the bifurcated jury trial.  *Tr. Vol. II* at 68.  The State sought to admit Cooper's prior conviction for failure to register in Cause No. FD-1157.  *Tr. Vol. III* at 8.  Cooper renewed his objection to the admissibility of his failure to register conviction in Cause No. FD-1157, which the trial court overruled.  *Id.* at 8-9.  In overruling Cooper's objection, the trial court instructed the jury not to consider Cooper's conviction in Cause No. FD-1157 as evidence of "guilt or that the evidence of this prior act creates any inference that [Cooper] acted in conformity with that prior conduct" and emphasized that the jury was "only to consider it for evidence of knowledge that [Cooper] is required to register as a sex offender."  *Id.* at 10.

---

[2] In the first phase of the trial, the jury would determine whether Cooper committed failure to register as a sex or violent offender as a Level 6 felony.  *Tr. Vol. II* at 168.  In the second phase of the trial, the jury would determine whether Cooper committed failure to register as a sex or violent offender with a prior conviction as a Level 5 felony.  *Tr. Vol. III* at 91.

[9]     Cooper testified that he was subject to a ten-year registration period for his rape conviction, that he filed a challenge to his lifetime registration requirement, and that he believed he should not have to register. *Id.* at 37-40. He claimed that on November 20, 2018, Detective Morgan told him he no longer had to register[3] but that he nevertheless "did what he was supposed to do" and registered his address in April 2019. *Id.* at 40-41. On cross-examination, Cooper acknowledged that he previously had initialed the sex or violent offender registration form, which advised that it was a felony to fail to register when required. *Id.* at 53; *State's Ex.* 9.

[10]    At the conclusion of the first phase of the trial, the jury returned a verdict of guilty for failure to register as a sex or violent offender as a Level 6 felony. *Tr. Vol. III* at 89; *Appellant's App. Vol. II* at 131. In the second phase of the trial, the State moved to admit the evidence that was admitted during the first phase of the trial, including Cooper's conviction for failure to register in Cause No. FD-1157, which the trial court granted. *Tr. Vol. III* at 95. The State rested its case-in-chief, and the jury found Cooper guilty of failure to register as a sex or violent offender with a prior conviction as a Level 5 felony. *Id.* at 95, 99; *Appellant's App. Vol. II* at 130.

[11]    At the outset of the March 23, 2020 sentencing hearing, Cooper stated to the trial court that during his trial when he was "coming upstairs to your

---

[3] Detective Morgan indicated that he did not recall telling Cooper that Cooper did not have to register. *Tr. Vol. III* at 24, 26.

courtroom" he was "shown in shackles and cuffed up in front of the jury on the third floor." *Tr. Vol. III* at 109. Cooper told the trial court that the jury saw him "chained up like a slave" and that he believed the jury seeing him shackled and chained "had a lot to do" with the guilty verdict. *Id.* No one else at the sentencing hearing corroborated Cooper's account, and Cooper did not move for any particular remedy in response. *Id.* at 109-10. The trial court sentenced Cooper to a four-year sentence with three hundred and twenty-eight days executed in the Department of Correction; however, it suspended three years and thirty-seven days of the sentence and ordered Cooper to serve one and one-half years on Community Corrections as a condition of probation. *Appellant's App. Vol. II* at 12-17. Cooper now appeals.

## Discussion and Decision

## I. Admission of Evidence

[12] Cooper argues the trial court abused its discretion when it admitted evidence of Cooper's prior conviction in Cause No. FD-1157 during the first phase of his trial. A trial court has broad discretion in ruling on the admissibility of evidence, and we disturb those rulings only upon an abuse of that discretion. *Chambless v. State*, 119 N.E.3d 182, 188 (Ind. Ct. App. 2019), *trans. denied.* "An abuse [of discretion] occurs only where the trial court's decision is clearly against the logic and effect of the facts and circumstances." *Id.* There is a strong presumption that the trial court properly exercised its discretion. *Id.* "In determining the admissibility of evidence, we will only consider evidence that

favors the trial court's ruling and unrefuted evidence that favors a defendant." *Id.*

[13]    Indiana Evidence Rule 404(b) prohibits a trial court from admitting evidence of another crime, wrong, or act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Ind. Evidence Rule 404(b)(1). "The purpose of the rule is to protect against the 'forbidden inference -- that the defendant acted badly in the past, and that the defendant's present, charged actions conform with those past bad acts . . . .'" *Erickson v. State*, 72 N.E.3d 965, 973-74 (Ind. Ct. App. 2017) (quoting *Nicholson v. State*, 963 N.E.2d 1096, 1099-100 (Ind. 2012) (citation omitted)), *trans. denied*. Evidence of crimes, wrongs, or other acts are admissible if offered for another purpose, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Evid. R. 404(b)(2). In assessing the admissibility of 404(b) evidence, we: (1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403. *Erickson*, 72 N.E.3d at 974.

[14]    In the first phase of the trial, the State sought to introduce Cooper's prior conviction for failure to register in Cause No. FD-1157 to show his knowledge of the registration requirement. *Appellant's App. Vol. II* at 66. The trial court admitted the prior conviction over Cooper's objection, instructing the jury not to consider the conviction in Cause No. FD-1157 as evidence of "guilt or that

the evidence of this prior act creates any inference that [Cooper] acted in conformity with that prior conduct" and emphasized that the jury was "only to consider it for evidence of knowledge that [Cooper] is required to register as a sex offender." *Tr. Vol. III* at 10.

[15] Cooper asserts that he did not place his knowledge of the registration requirement at issue during the trial, and his prior conviction should not have been admitted during the first phase of the trial. Instead, he contends that his defense was that he was not required to register and that his prior conviction was "completely and totally irrelevant." *Appellant's Br.* at 16. We disagree.

[16] In *Whitehair v. State*, 654 N.E.2d 296, 302 (Ind. Ct. App. 1995), this court concluded that, with respect to a defendant's knowledge of the wrongfulness of his actions, evidence of a defendant's prior bad acts is only admissible when the defendant puts his knowledge in issue. *See also Baker v. State*, 997 N.E.2d 67, 71 (Ind. Ct. App. 2013) (citing *Whitehair* and noting that where the record did not indicate that knowledge was at issue "evidence of Baker's prior bad acts was not admissible under the knowledge exception to Evidence Rule 404(b)").[4]

---

[4] Cooper cites *Christian-Hornaday v. State*, 649 N.E.2d 669 (Ind. Ct. App. 1995) for the proposition that he is first required to place his knowledge in issue before the evidence of prior conviction for failure to register in Cause No. FD-1157 could be admitted. *Christian-Hornaday* addressed the intent exception to Indiana Rule of Evidence 404(b) not knowledge. We also note that *Christian-Hornaday* used the Seventh Circuit's four-part test for assessing 404(b) claims, which the Indiana Supreme Court declined to adopt. *See Hicks v. State*, 690 N.E.2d 215, 219 (Ind. 1997) ("We see no persuasive reason to adopt the Seventh Circuit test.").

[17]  Here, Cooper's knowledge of the registration requirement was at issue. At trial, Officer Dehr testified that during his interaction with Cooper, Cooper indicated that he had not registered his address and that "he was not required" to do so. *Tr. Vol. II* at 188. In addition, Detective Morgan testified that Cooper had disputed his registration status in the past, indicating "several times" that Cooper did not want to register and that Cooper felt that he "shouldn't have to be on the registry at all." *Id.* at 244. Cooper's own testimony concerning his belief that he did not have to register along with his cross-examination of Detective Morgan as to Cooper's complaints about having to register and changes in the law with respect to ten-year and lifetime registration also showed that his knowledge of his registration obligation was at issue. *Tr. Vol. III* at 21-22, 37-40. Cooper's letters challenging his status as a sexually violent predator and requesting to be removed from the registry also demonstrated that his knowledge was at issue. *State's Exs.* 17-18. Thus, the trial court properly admitted the evidence of Cooper's prior conviction in Cause No. FD-1157 under the knowledge exception. Cooper's prior conviction was used only for its probative value in showing that Cooper was aware of the requirement to register, demonstrating that the trial court sought to protect against the jury indulging in the "forbidden inference" that Cooper's "prior wrongful conduct suggests present guilt." *Fairbanks v. State*, 119 N.E.3d 564, 568 (Ind. 2019), *cert. denied*, 140 S. Ct. 198 (2019) (citation omitted). Therefore, the trial court did not abuse its discretion when it admitted the evidence of Cooper's prior conviction for failure to register in Cause No. FD-1157 for the purpose of

showing his knowledge of the registration requirement during the first phase of the trial.

## II.   Sufficiency of the Evidence

[18]   Cooper next argues that the State's evidence was insufficient to sustain his conviction for Level 5 felony failure to register.  When we review the sufficiency of the evidence to support a conviction, we do not reweigh the evidence or assess the credibility of the witnesses.  *Lehman v. State*, 55 N.E.3d 863, 868 (Ind. Ct. App. 2016), *trans. denied*.  We consider only the evidence most favorable to the trial court's ruling and the reasonable inferences that can be drawn from that evidence.  *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012).  We also consider conflicting evidence in the light most favorable to the trial court's ruling.  *Oster v. State*, 992 N.E.2d 871, 875 (Ind. Ct. App. 2013), *trans. denied*.  A conviction will be affirmed if there is substantial evidence of probative value that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt.  *Wolf v. State*, 76 N.E.3d 911, 915 (Ind. Ct. App. 2017).

[19]   Cooper was convicted of failure to register as a sex or violent offender with a prior conviction as a Level 5 felony.  The State was required to prove that Cooper had a prior unrelated conviction under Indiana Code section 11-8-8-17.  *See* Ind. Code § 11-8-8-17(b)(1).  Cooper contends that the State failed to prove that he had a prior conviction for failure to register because the evidence admitted in the first phase of his trial was admitted only to show Cooper's

knowledge of the registration requirement and not as substantive evidence. We disagree. Having found Cooper guilty of failure to register as a Level 6 felony at the conclusion of the first phase of the trial, at the start of the second phase of Cooper's trial the State moved to incorporate "all the previously submitted exhibits" from the first phase of the trial. *Tr. Vol. III* at 95. Cooper did not object, and the trial court incorporated all the previously submitted exhibits, which included the prior conviction for failure to register in Cause No. FD-1157. *Id.* In the first phase of the trial, the trial court correctly limited the use of Cooper's prior conviction for failure to register in Cause No. FD-1157 to show his knowledge of the registration requirement. *Id.* at 9-10; *Appellant's App. Vol. II* at 104. Contrary to Cooper's assertions, the evidence of Cooper's prior conviction for failure to register in Cause No. FD-1157 was properly incorporated and presented to the jury as substantive evidence during the second phase of the trial, and the jury could rely on it as proof that he had been previously convicted of that offense. Thus, the State presented sufficient evidence that Cooper had a prior conviction for failure to register to sustain his conviction for failure to register as a sex or violent offender with a prior conviction as a Level 5 felony.

## III. Due Process

[20]    Cooper finally argues that his due process rights were violated because the jury observed him "shackled and in custody" on one occasion. *Appellant's Br.* at 22. Cooper did not raise this issue until the sentencing hearing, and there is no indication that Cooper ever objected, moved for a mistrial, or otherwise sought

any relief at the time he alleged the jury saw him in custody at some point during his jury trial. *Tr. Vol. III* at 109. Thus, Cooper has waived this issue for our review. *See Shorter v. State*, 144 N.E.3d 829, 841 (Ind. Ct. App. 2020) (quoting *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004)) (concluding that failure to raise an argument in the trial court constituted waiver on appeal because "'a trial court cannot be found to have erred as to an issue or argument that it never had an opportunity to consider'"). Indeed, Cooper even acknowledges as much in his appellant's brief. *See Appellant's Br.* at 22 ("Timothy Cooper politely insists that counsel raise this issue in his direct appeal. Although Cooper may be a little fuzzy on preservation of error and issue waiver – he may just have a point.")

[21] Waiver notwithstanding, we note that the fact that a defendant has been seen by jurors while being transported in handcuffs is not a basis for reversal, absent a showing of actual harm. *Jenkins v. State*, 492 N.E.2d 666, 669 (Ind. 1986). Moreover, our Supreme Court has also held that "reasonable jurors could expect [defendants] to be in police custody while in the hallway of the courthouse." *Davis v. State*, 770 N.E.2d 319, 326 (Ind. 2002). Thus, we cannot say that Cooper has demonstrated that he was harmed by the jury seeing him in custody.

[22] Affirmed.

Pyle, J., and Tavitas, J., concur.